[No. 1115, March 2, 1906.]

TERRITORY OF NEW MEXICO, ex rel THOMAS S. HUBBELL, Appellant, v. WILLIAM E. DAME, Clerk, Etc., Appellee.

### SYLLABUS.

1. When pending an appeal an event occurs without fault of appellee, which renders it impossible for the court should its decision be favorable to appellant, to grant him any effectual relief whatever, the court upon that fact being brought to its knowledge will not proceed to formal judgment but will dismiss the appeal.

2. By instituting proceedings in the nature of quo warranto the claimant of an office conclusively admits that such office is in the possession of the party proceeded against.

3. Where a litigant, claiming to be the de facto officer brings an action purely in aid of or for the protection of his possession of such office and pending an appeal from an adverse decision in such action surrenders the possession of such office and institutes proceedings in the nature of quo warranto, the court will not proceed to the decision of such appeal but will dismiss the same.

Appeal from the district court of Bernalillo county, before IRA A. ABBOTT, Associate Justice. Affirmed.

WILLIAM B. CHILDERS, A. B. McMILLEN and E. W. DOBSON, for appellant.

### REMOVAL OF SHERIFFS.

The power to remove a sheriff from office is vested in the district court, upon the application, under oath, by any person interested in the subject matter. The statute provides a comprehensive manner of judicial proceedings.

Compiled Laws, 1897, Secs. 844 to 857, inclusive.

There is no provision anywhere in the statute authorizing the governor to remove a sheriff on any of the charges on which Mr. Hubbell was found guilty by the governor, and the governor had no power to make any such investigation or findings.

If there had been such power of removal for cause, such special authority must be strictly pursued.

Commonwealth v. Shafer, 64 Am. Dec. 680; State v. Chatburn, 63 Iowa 659; 50 Am. Rep. 760; Mechem on Public Officers, Sec. 452.

When an officer holds his office for a tenure prescribed by law he cannot be removed except for a cause presribed by law.

State v. Chatburn, 50 Am. Reports, 761-2.

To same effect,

People v. Therion, 45 N. W. 78-9.

When the legislature has by its rightful action prescribed the cause and the procedure for removal, it must be followed.

State ex rel Atty. Gen. v. McClain, 58 Ohio St. 331; 50 N. E. 907.

Indeed, the governor does not base his right of removal upon any territorial statute, but on the contrary, expressly bases it on the last clause of Section 3 of the Organic Act (Section 1841 R. S. U. S.), which provides that the governor *"Shall take care that the laws be faithfully executed."* This provision does not confer the power to remove an officer.

Territory v. Ashenfelter, 4 N. M. 134; Field v. People, 3 Ills. 91; Dullam v. Wilson, 53 Mich. 392, 51 Am. Rep. 128; Police Com. v. Prichard, 36 N. J. L. 114; Page v. Hardin, 8 B. Munroe, 648-675.

The president's power of removal is not derived from such provision but is based upon the principle that the power of removal is incident to the power of appointment.

3 Story on Const. 1538; Evart's Speech

Hubbell v. Dame.

in the Impeachment Trial, 313-318; Mechem on Public Officers, Secs. 440-445-446-447-448 and 450; Ex-parte Hennen, 13 Pet. 259; Parsons v. U. S. 167 U. S. 328-335-336.

If two laws conflict with each other, the courts must decide on the operation of each.

This is of the very essence of judicial duty.

Marbury v. Madison, 1 Crouch, 163-178.

The executive power of this territory (not the judicial) is vested in a governor.

Section 3, Organic Act, Sect. 1841 R. S. U. S.

The judicial power of this Territory is vested in the supreme court, district courts, probate courts, and justices of the peace (not in the governor), and the jurisdictions of the several courts are limited by the Organic Act and cannot be changed or modified by the legislature.

Section 10 Organic Act, Sects. 1868-1869 R. S. U. S.; Ferris v. Higley, 20 Wall. 375; Jung v. Meyer (N. M.) 68 Pac. 933; Mechem v. Kelley, (N. M.) 68 Pac. 936.

What is judicial power;

Bd. of Com'rs. v. N. P. R. R. Co., 10 Mont. 420; Ellison v. State, 125 Ind. 496; Foster v Kansas, 112 U. S. 206; Kennard v. Louisiana, 92 U. S. 480; Taylor v. Beckham, 178 U. S. 548; Wilson v. North Carolina, 169 U. S. 586; Sinking Fund Cases, 99 U. S. 761; Rhode Island v. Mass., 12 Peters 718; Carter v. Durango, 16 Colo. 536; State v. Wallridge, 119 Mo. 390; 24 S. W.; Spencer v. County of Seelly, 33 N. W. 98; Kilburn v. Law, (111 Cal.) 43 Pac. 615; Hart v. Duluth, (Minn.) 55 N. W. 118; Cooleys Cons. Lim., 110; Bd. of Aldermen v. Darrow, 13 Colo. 460; 16 Am. St. Rep. 216; People v. Stewart, (75 Mich.) 16 Am. St. Rep. 646; Ferry v. Kings County, 2 Wash. Rep. 341.

The authority to remove for cause after a hearing is

Hubbell v. Dame.

the exercise of judicial power and cannot be conferred upon the governor.

> Mechem on Public Officers, Sec. 435; Dullam v. Wilson, 53 Mich. 392, 51 A. R. 128-131-132; State v. Pritchard, 36 N. J. L. 105-106; Page v. Hardin, 8 B. Munroe, 672; Arkle v. Board of Com's'rs (W. Va.), 23 S. E. 804; Sheldon v. Newton, 3 O. S. 494; U. S. v. Arredondo, 6 Pet. 109; Windsor v. McVeigh, 93 U. S. 274; Stewart v. Palmer, 74 N. Y. 191; Anthony v. Casey, 83 Va. 338, 5 Ark. 399; Thurman v. Morton, 79 Va. 367; Freeman on Judgments, Sec. 120a. p. 193, 194.

In case of special statutory power, all the acts of the court will be invalid unless the authority upon which they are founded has been strictly pursued.

> Hines on Jurisdiction, Sec. 8; Freeman on Judgments, Sec. 123; Beckett v. Cuenni, 15 Calif. 281, 22 A. S. R. 399; Thatcher v. Powell, 6 Wheat. 119; Conklin v. Cunningham, 7 N. M. 445 and Eldodt v. Territory, 10 N. M. 141.

When one has been wrongfully deprived of his office by the illegal appointment of another, the writ will go to compel his restoration, even though the person appointed in his stead be in possession *de facto*.

> High's Extraordinary Legal Remedies, Sec. 67.

### DE FACTO OFFICERS.

A de facto officer is one who is in possession of an office and discharging its duties under color of authority. By color of authority is meant authority derived from election or appointment, however irregular or informal, so that the incumbent be not a mere volunteer.

> McCrary on Elect. 3rd Ed., Sec. 218; State v. Oats, 86 Wis. 634, 39 A. S. R. 912-915; Morton v. Broderick, 118 Calif. 474, 50 Pac. 644, and cases cited; Warner v. Mey-

Hubbell v. Dame.

ers, 3 Ore. 221; Morton v. Broderick, 50 Pac. 646.

## MANDAMUS WILL NOT LIE AGAINST A DE FACTO INCUMBENT.

While mandamus is a proper remedy by a de facto officer against third persons, the reverse of this proposition is equally well settled.

In cases where the office is actually filled by a de facto incumbent who is exercising the functions of the office under claim and color of right, as by election, mandamus will not lie at the suit of another claiming to be the officer de jure. Because in such a case the writ would involve the trial of the title to office for which quo warranto is the proper and adequate remedy.

The following cases support the proposition:

State v. Oates, 86 Wis. 634; 39 A. S. R. 914; St. Louis County v. Sparks, 10 Mo. 117; 45 A. D. 335; Hill v. Reg. 8 Mo. P. C. 139; Rex v. Colchester, 2 T. R. 259; Rex. v. Bedford, 6 East, 360; State v. Dunn (Ala.) 12 A. D. 25; Ex. p. Harris, 52 Ala. 87, 23 A. R. 560; People v. Olds, 3 Calif. 167; 58 A. D. 398; Meredith v. Sacramento County, 50 Calif. 433; Kelly v. Edwards, 69 Calif. 483; 22 Pac. 1042; Morton v. Broderick, 118 Calif. 481, 50 Pac. 644, & Ca. Ci.; Kennedy v. Board of Education, 82 Cal. 483, 22 Pac. 1042; Harrison v. Simonds, 44 Conn. 320; French v. Cowan, 79 Me. 426; Ashwell v. Bullock, 122 Mich 60; Pipper v. Wayne Circuit Judges, 122 Mich. 688; Frey v. Michie, 68 Mich. 32; State v. McCullough, 3 Nev. 202; Fort v. Howell, 58 N. J. L. 54; Bradshaw v. Camden, 39 N. J. L. 416; Henry v. Camden, 42 N. J. L. 335; McDermot v. Kenny, 45 N. J. L. 251; Hoboken v. Gear, 27 N. J. L. 265; Haines v. Chosen Freeholders, 47 N. J. L. 454; Casey v. Chase, 64 N. J. L. 207; People v. Stevens, 5 Hill; People v. Goetting, 133 N. Y. 569; Matter of Gardner, 68 N. Y. 467;

Hubbell v. Dame.

People v. Lane, 55 N. Y. 217; People v. Ferris, 76 N. Y. 326; Rex. v. Stoke Damerel, 1 N. & P. 56 & El. 584, 31 E. C. L. 399, 2 Hur. 346; Reg. v. Dolgelly Union, 3 N. & P. 542 & El. 561, 35 E. C. L. 454, 1 W. V. 513; Frost v. Chester, 5 El. & Bl. 531; Rex. v. Truro, 3 B. & Ald. 590, 2 Chit. 257, 18 E. C. L. 326; Rex. v. Guardians of Poor, 20, L. J. Q. B. 423; 17 Q. B. 149; 79 E. C. L. 149; Rex. v. Beedle, 3 Ad. & El. 467, 30 E. C. L. 132; Reg. v. Derby Councillors, 2 N. & P. 589; Rex v. York, 4 T. R. 699; Rex v. Oxford, 6 Ad. & El. 349, 33 E. C. L. 87; Reg. v. Upper Canada Bank, 5 U. C. Q. B. 338; Reg. v. Cornwall, 25 U. C. Q. B. 293; In re Brenan, 6 U. C. Q. B. O. S. 330; Reg. v. Burke, 29 Nova Scotia, 227; Underwood v. White, 27 Ark. 382; Duane v. McDonald, 41 Conn. 520; State v. Gamble, 13 Fla. 9; People v. Brush, 146 N. Y. 63; Com. v. Philadelphia County, 6 Whart (Pa.) 476; Com. v. Perkins, 7 Pa, St. 42; Com. v. Philadelphia County, 5 Rawle (Pa.) 75; Williams v. Clayton, 6 Utah 86, 21 Pac. 398; Kimball v. Olmstead, 20 Wash. 629, 56 Pa. 377; Board of Education v. State, 100 Wis. 455; La Pointe v. O'Malley, 46 Wis. 59; State v. Sullivan, 83 Wis. 416; State v. Plambeck, 36 Neb. 54 N. W. 667; Burgess v. Davis, 138 Ills. 578, 28 N. E. 817; State v. Lane, 16 R. I. 620, 18 Atl. 1035; Bonner v. State, 7 Ga. 479; People v. School Trustees, 42 Ills. App. 60; State v. Dunlap, 5 Mart (La.) 271; State v. Williams, 25 Minn. 340; State v. Rodman, 43 Mo. 256; State v. Draper, 48 Mo. 213; State v. John, 81 Mo. 13; State v. May, 106 Mo. 488; State v. Gascondale County, 25 Mo. App. 446; People v. New York, 3 Johns Cas. (N. Y.) 79; Howerton v. Tate, 66 N. Car. 231; Cloud v. Wilson, 72 N. Car. 155; Ellison v. Raleigh, 89 N. Car.

Hubbell v. Dame.

125; Lyon v. Granville County, 120 N. Carr 237, 26 S. E. 929; Boone County v. State, 61, Ind. 379; In re Brenan, 6 U. C. Q. B. O. S. 330; Note 98 A. S. R. p. 884; State v. Gardener, 2 Dillon on Mun. Cor. (4th Ed) Sec. 892; High's Ex. Leg. Rem. (3rd Ed.) Sec. 49; Puterbalgh Com. Pl. 685 & Ca. Ci.; Dillon on Municipal Corporations, Sec. 892; High's Ex. Leg. Rem. Sec. 627; See also, Palmer v. Foley, 36 N. Y. Super. Ct. 14; In Re Brennen, 63 N. E. Rep. 136; Commonwealth v. McCoombs, 56 Pa. St. Rep.

RIGHT OF DE FACTO OFFICERS TO INJUNCTION.

High on Injunctions, Sec. 1315; Brady v. Sweetland, 13 Kans. 41; State v. Durkee, 12 Kans. 308; Goldman v. Gillespie (La.) 8 So. 883; School Dist. etc., v. Wise (Minn.) 79 N. W. 668; Parsons v. Durand (Ind.) 49 N. E. 1047; Wheeler v. Bd. Fire Com. (La.) 15 So. 179; Keer v. Trigo, 47 Pa. St. 292; Erwin v. Fulk, 94 Ind. 235; City of Delphi v. Stratzman, 104 Ind. 343, 3 N. E. 937; Cent. U. Tel. Co. v. State, 110 Ind. 203, 10 N. E. 922, and 12 N. E. 136; City of Huntington v. Cast et al., (Ind. 1898), 48 N. E. 1025; Guillotte v. Poiney, 41 La. Ann. 333, 6 So. 507; Commissioners, etc., v. Com'rs. 77 Md. 283; Armitage v. Fischer, 24 N. Y. C. 650; McCue v. Halloran, 7 Del. Co. R. 458, 9 Kulp 433; Franklin v. Appel, 10 S. D. 391, 73 N. W. 259; Patterson v. Hubbs, 65 N. C. 119; Priddie v. Thompson, 82 Fed. 190-191; Butler v. White, 83 Fed. 586-589; State v. Superior Court, 17 Wash. 12, 61 A. S. R. 893 and note; Vol. 5 Pomeroy's Eq. Jus. Sec. 335; High on Injunctions, Sec. 1315; Brady v. Sweetland, 13 Kans. 40.

Our courts have decided that the right to an office is a valuable right which is entitled to protection.

Hubbell v. Dame.

Wade v. Ashenfelter, 4 N. M. 146; Territory v. Albright, 78 Pac. 206.

Wherever the Statute of Anne is in force, or similar statutes, when a private citizen claiming the office is the relator, the attorney general or other public officer, cannot prevent the court from assuming jurisdiction and granting leave to file the information by refusing consent to the use of his name. And if this be true, he surely cannot refuse to allow the case to proceed in his name after once allowing the information to be filed in his name, and the authorities so hold.

Republica v. Griffith, 2 U. S. (2 Dall) 112, 1 L. Ed. 311; Dambman v. Empire Mill, 12 Barber; State v. Elliott (Utah), 44 Pac. Rep. 250; Angel & Ames Corporations, Sec. 733; Barnum v. Gilman, 27 Minn. 466, 38 A. R. 304; State v. Withers, 121 N. C. 376, 28 S. E.; State v. Chandler, 2 Ohio, Dec. 164; State v. Schnierle, 5 Rich. L. (S. Car.) 301; State v. Dahl, 69 Minn. 108, 71 N. W. 910; Vol. 23, Am. & Eng. Enc., page 618; State v. Ashley, 1 Ark. 279; Atty. Gen. v. Barstow, 4 Wis. 567; Cummings v. Missouri, 4 Wall. 277, 320, 323, 326, 328, 331; Ex Parte Mulligan, 4 Wall. 73; Ex Parte Garland, Id. 333; Parsons v. Bedford, 3 Peters, 446.

How was forfeiture of office enforced at common law. A jury trial was necessary.

State ex rel Police Com'rs. v. Pritchard, 36 N. J. Law 106-107; 23 A. & E. Ency. of Law, 4445 (2d Ed.); Speed v. Detroit, 57 N. W. 407; 22 L. R. A. 842; Gudens Case, 75 N. Y. Sup. 787; Thurston v. Clark, 40 Pac. 436; Hayburn's Case, 2 Dallas 407.

And the note prepared by Chief Justice Taney by direction of the court, to the case of

United States v. Ferrerira, 13 How. 52, Co. Op. Ed. 47; In Black's Constitutional Law, page 51; See, also Cooley's Constitutional Limitations, 5 Ed. side paging 160, and a long and interesting note to Marberry v.

Hubbell v. Dame.

Madison on this proposition, 1 Roses Notes, page 156.

"Each public officer who takes an oath to support the constitution swears that he will support it as he understands it, and not as it is understood by others."

> 2 Impeachment Trial of Andrew Johnson, pages 319-321; Dodge v. Woolsey, 18 How. 347-8, Co-Op. Ed. 407; Rowley v. Benthuysen, 16 Wendell 373-4; Norton v. Shelby County, 118 U. S. 442; Osborne v. Bank, 9 Wheat. 866; State v. Cummings, 36 Mo. 278; United States v. Walker, 109 U. S. 27.

NEILL B. FIELD and FRANK W. CLANCY, for appellee.

The judgment of the court below in each of these cases, was in accordance with the previous decisions of this court.

> Conklin v. Cunningham, 7 N. M. 459; Eldodt v. Territory, 10 N. M. 145-6; Armijo v. Baca, 3 N. M. 490; Armijo v. County Commissioners, 3 N. M.

The acts and orders of those without the legal right to exercise official trust must pass the ordeal of the closest scrutiny, and be ratified only so far as justified by public policy and necessity.

> U. S. v. Alexander, 46 Fed. 731.

It was the right of relator to be admitted to the office under his *prima facie* title, and hold it pending contest.

> State ex rel. Jones v. Oates, 86 Wis. 639.

The doctrine that a man may constitute himself an officer de facto by forcibly holding possession of the room assigned to the use of the officer, or of the books and papers pertaining to an office, is subversive of the principle upon which recognition is accorded to the acts of *de facto* officers.

> Becker v. People, 156 Ill. 301; State v. Callihan, 4 N. Dak. 481; Steinback v. State, 38 Ind. 483; State v. Perkins, 139 Mo. 106; State v. Lane, 16 R. I. 620; U. S. v. Alexander, 45 Fed. 731; State ex rel. Jones v. Oates, 86 Wis. 639; Becker v. People, 156 Ill.

Hubbell v. Dame.

301; La Pointe v. O'Malley, 46 Wis. 35; In re
Sawyer, 124 U. S. 200; White v. Berry, 171
U. S. 366; Georgia v. Stanton, 6 Wall. 50.

### STARE DECISIS.

It does not tend to increase the confidence of the
public generally in the administration of justice, if courts
in cases involving the title to office refuse to administer
settled principles without regard to the change in the per-
sonnel or political affiliation of their members, and I
take it that this court will hesitate to overturn or ques-
tion the authority of its previous decisions, upon which
we rely, unless convinced, beyond a reasonable doubt,
not only that those decisions are fundamentally wrong,
but also that the interests of the general public demand
that a different rule shall be established.

Lane v. Anderson, 67 Fed. 563; Heffan
v. Hutchins, 160 Ill. 550; State v. Hawkins,
44 O. St. 98; Huels v. Hahn, 75 Wis. 648;
Cochran v. McCleary, 22 Iowa, 75; Hagner v.
Heyberger, 7 Watts & S. 104; Updegraff v.
Crans. 47 Pa. St. 103; Tappan v. Gray, 9
9 Paige Ch. 506; Same case, 7 Hill, 259.

### STATEMENT OF FACTS.

This is a mandamus proceeding brought September
6, 1905, on the relation of Thomas S. Hubbell against
William E. Dame, as clerk of the district court of the
Second Judicial District of New Mexico. The informa-
tion sets forth that relator was duly elected sheriff of
Bernalillo county at the regular 1904 election; that he
duly qualified as such and entered into possession of his
office and upon the discharge of the duties thereof, on
January 1, 1905, and was at the time of the filing of this
information still in possession of the office, together with
its books, papers, property, insignia and rooms in the
county court house, and also in the care and custody of
the county jail and the prisoners therein, and was other-
wise in the discharge of and ready, willing and offering
to discharge the duties of the office of sheriff. Relator

Hubbell v. Dame.

further avers that he has never resigned from or abandoned the said office; that he is still alive and still claiming the right to said office and is still discharging the duties thereof, and that there has been no vacancy in said office since his qualifying therein on the date above named. The information further alleges that certain charges of official misconduct were filed against relator with the governor of New Mexico, after the hearing of which an order was made by the governor removing him from said office of sheriff and a further order was made appointing one Perfecto Armijo to fill the alleged vacancy thus created; that said order of removal was void and conferred no color of right on said Armijo; that the said Armijo has taken all the formal steps required by law to qualify as sheriff, including the giving of bond, and is assuming to discharge and claiming the right to exercise and discharge the duties and receive the emoluments of the said office under the pretended commission above mentioned. The relator further alleges that it is the duty of the said Dame as clerk to issue and deliver to him as sheriff the jury venires for the September, 1905, term and succeeding terms of court and to deliver also all other process of the court and that it is the duty of relator to serve the same and his privilege to receive all fees therefor. It is further alleged that the same clerk claiming to act under the instructions and directions of the presiding judge of said court has refused and still refuses to deliver to relator the venires for said September, 1905, term, and gives out that he will, likewise refuse to deliver further process to relator as such sheriff and will refuse to recognize him as *de facto*.

### OPINION OF THE COURT.

POPE, J.—(After stating the case.)—Upon the state of facts above outlined, a number of questions are argued at the bar and in the briefs of counsel.

1 Among these are whether the court below had the power upon the pleadings and aided only by judicial notice to make the findings of fact contained in the record, or, indeed, any findings at all; whether the governor

of New Mexico had the power to remove the relator and to appoint Armijo in his stead; whether the clerk, being an arm of the court, is subject to mandamus; and whether a court will, pending a dispute as to an office, issue mandamus to enforce recognition of the *de facto* officer. We find it unnecessary to decide any of these questions for the reason that even were they to be decided as contended for by appellants and the cause reversed, the status of the case has been so changed pending this appeal that it would be impossible upon a new hearing to grant appellants an effectual relief. No rule of practice is better settled than that when pending an appeal an event occurs without fault of appellee which renders it impossible for the court, should its decision be favorable to the appellant, to grant him any effectual relief whatever, the court upon that fact being brought to its knowledge will not proceed to formal judgment but will dismiss the appeal. Jones v. Montague, 194 U. S. 147; Mills v. Green, 159 U. S. 53; Kimball v. Kimball 174 U. S. 163; Tennessee v. Condon 189 U. S. 69. It appears from the records of this court in cause 1133 and the arguments and briefs in this case that the appellant, Hubbell, has since the decision below instituted proceedings in the nature of *quo warranto* to test the title of Armijo to the office in question. The underlying theory of such a suit is that the office contended for is in the adverse possession of the party proceeded against; or, in other words, that while the relator moving in such suit considered himself the *de jure* officer, his adversary is the *de facto* officer. Such a suit admits the relator therein to be out of office. This was distinctly held by this court in Conklin v. Cunningham, 7 N. M. 445, where the fact that Conklin had instituted quo warranto against Cunningham was held to be a conclusive admission that Cunningham was the *de facto* officer and entitled to all of the rights flowing from such occupancy. With the law as thus declared in Conklin v. Cunningham, we have no dispute, nor apparently has appellant, for in his petition in the prohibition case No. 1112, now pending before us, he distinctly avers that "He cannot institute proceedings in *quo warranto* without

abandoning his said office and waiving his rights as *de facto* sheriff." (Record p. 13). We deem it sufficient, therefore, to point out that by instituting *quo warranto* appellant has abandoned the possession of the office and has surrendered any point of vantage he might have as *de facto* sheriff. Were the cause reversed there could be no effectual relief granted him. Certainly, the clerk could not be ordered to deliver to him the venires for the September, 1905, term of court for the time for the service of these has long since expired. Neither could the clerk be ordered to deliver to him further process requiring service by the sheriff's office for the reason that he is confessedly no longer in possession of that office, or its books or paraphernalia. How, for example, could commitments for prisoners be attended to by relator when the jail to which they are to be committed is in the hands of another? Indeed, the whole theory upon which this suit is predicated, is that the relator, Hubbell, as *de facto* officer is entitled to be maintained in the possession of the office by mandamus. The gist of the contention is not that he is entitled to prosecute these proceedings as the *de jure* officer, for that question is confessedly one for *quo warranto;* but that he is the *de facto* officer in full possession of the office. When, therefore, as admitted by his filing *quo warranto,* relator surrendered the office and ceased to be the officer *de facto* the whole basis of his several contentions slipped away from him and even upon his own argument left no foundation upon which the court upon a reversal of the case could grant him any relief. His election to abandon the possession of the office and to proceed by *quo warranto* was, to again quote his own language, a waiver of "his rights as *de facto* sheriff;" feeling, therefore, that a reversal of this case could result in no substantial relief to relator for the reason that the changed status of the matter has left the case where a determination of the questions involved would be a mere moot decision by this court; we are of opinion that the appeal should be dismissed. By this direction given the matter we do not desire to be understood as receding from the views expressed in Albright v. Territory, 79 Pac. 719, wherein

we declined to dismiss an appeal where the term of office had expired pending such appeal, upon the ground that in *quo warranto* the proceeding was one involving more than the mere right to hold the office. In the present case we do not conceive that either the findings of the court of which complaint is made, nor the judgment quashing the writ will be of the slightest relevancy upon any proceeding directly involving the title to the office in controversy. The present disposition of the matter, therefore, does not leave the appellant burdened with any adjudication that will affect the *quo warranto* proceeding to which he has taken recourse. The appeal is accordingly dismissed.

William J. Mills, C. J., John R. McFie, A. J., Edward A. Mann, A. J., concur.

Abbott, A. J., having tried the case below, did not participate in this decision.