PEOPLE, *ex rel.* HARRINGTON, *v.* BARNHART.

QUO WARRANTO — PROSECUTING ATTORNEY — AUTHORITY TO MAINTAIN—STATUTES.

Where an information in the nature of quo warranto was filed to try 'relator's right to the office of prosecuting attorney, following ·the termination of his suspension from practice as an attorney at law for malpractice, during which time the office was filled by another by appointment of the judge, and the provisions of 3 Comp. Laws 1915, § 13550, were not complied with, in that special leave of the court was neither requested nor granted, the acting prosecuting attorney did not give his approval, and the consent of the attorney general was not obtained, and it does not appear to have been filed by any one authorized to file it, the court below properly dismissed the proceeding.

Error to Otsego; Houghton, J., presiding. Submitted April 15, 1919. (Docket No. 47.) Decided July 17, 1919.

Quo warranto by the people of the State of Michigan, on the relation of William A. Harrington, against Wirt Barnhart to try the title to the office of prosecuting attorney of Otsego county. Judgment dismissing the writ. Plaintiff brings error. Affirmed.

*William A. Harrington, in pro. per.*

*Wirt Barnhart* (*Cummins & Nichols,* of counsel), *in pro. per.*

BIRD, C. J. At the November election in 1916, plaintiff was elected prosecuting attorney of Otsego county. He entered upon the duties of his office on January 1, 1917. In July, 1917, he was adjudged guilty of malpractice, and suspended from practice as an at-

torney at law in every court in the State for a period of six months, from and including the 31st day of July, 1917. On August 6th, Hon. Nelson Sharpe, judge of the Otsego circuit, appointed Willis L. Townsend to perform the duties of the office of prosecuting attorney. At the end of the six months period, namely, February 12, 1918, Townsend resigned, whereupon Judge Sharpe entered an order appointing defendant Barnhart prosecuting attorney of said county. Barnhart accepted the office and discharged the duties thereof during the remainder of Harrington's term.

On March 1, 1918, plaintiff filed an information in the nature of a quo warranto to test his right to the office of prosecuting attorney. Defendant filed an answer in the nature of a motion to dismiss the proceedings for the reasons:

1st. That said Harrington is not the prosecuting attorney and the proceeding not being authorized by the attorney general or the prosecuting attorney, he is without authority to institute and maintain the same.

2d. As he, said William A. Harrington, was suspended as an attorney in a disbarment proceeding, he became disqualified to hold the office of prosecuting attorney and a vacancy was thereby created in said office.

Plaintiff filed a replication thereto and the matter went to a hearing in May, 1918. After considering the matter for a time, the trial judge entered an order dismissing the proceeding on the second ground stated. The proceedings are now before us for review on writ of error.

*First.* This controversy was recently before this court on an application for a writ of mandamus to compel the circuit judge to vacate his order appointing respondent to the office. We there held *inter alia* that quo warranto and not mandamus was the proper remedy to test plaintiff's right to the office. 204 Mich. 327.

The information in this proceeding was filed in pursuance of the following statute:

"Informations under this chapter may be filed by the prosecuting attorney of the proper county, on his own relation, or that of any citizen of the county, without leave of the court, or, by any citizen of the county by special leave of the court or a judge thereof." 3 Comp. Laws 1915, § 13550.

It does not appear that the provisions of this statute were complied with before filing the information. Special leave of the court or judge was neither requested nor granted. The person who was in the actual possession of the office of prosecuting attorney did not give his approval. The consent of the attorney general was not obtained, in fact it does not appear to have been filed by any one authorized to file it, unless it can be said that because plaintiff claimed the right to the office of prosecuting attorney he was authorized to do so. The information which plaintiff filed is an admission upon the record that he was not in the actual possession of the office, and that respondent had such possession. *Territory, ex rel. Hubbell,* v. *Dame,* 13 New Mex. 467 (85 Pac. 473). We are of the opinion that the consent provided for in the foregoing section must be the consent of the acting prosecuting attorney, or one who is actually in possession of the office. Taking this view of the matter, the proceeding must be dismissed, with costs to the defendant.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.