## LEET et al. v. BOARD OF SUPERVISORS OF KERN COUNTY.

### L. A. No. 202; January 22, 1897.

47 Pac. 595.

**Liquor License—Appeal.**—Where a Board of Supervisors Refuses a liquor license, and, after a peremptory writ of mandate, approves the bond filed by the applicants, and orders the license to issue, it cannot appeal from the judgment of mandate.[1]

**Liquor License.**—An Appeal by Supervisors from a Judgment of mandate requiring it to issue a liquor license, when the hearing is after the license has expired, will be dismissed.[2]

APPEAL from Superior Court, Kern County; A. R. Conklin, Judge.

Petition by Leet & Lang, copartners, for a writ of mandate to the board of supervisors of Kern county, requiring them to grant petitioners a license to retail liquors. From a judgment of mandate and from an order denying a new trial the board appeal. Dismissed.

---

[1] Cited with approval in Betts v. Jorgenson, 67 Neb. 204, 93 N. W. 168, where a director of a school district, after complying with a mandamus requiring him to approve a treasurer's bond (and that before his motion for a new trial had been disposed of), had sought for a review of the proceeding by writ of error.

Cited and followed in Diefenderfer v. State ex rel. First Nat. Bank of Chicago, 13 Wyo. 400, 80 Pac. 670, which was the case of a mandamus requiring a municipality to issue water bonds in accordance with an ordinance, the relator claiming rights under a contract between it and the municipal authorities.

[2] Cited and followed in Knight v. Hirbour, 64 Kan. 566, 67 Pac. 1105, where, in a controversy for the possession of a corpse, a mandatory injunction had been issued requiring an undertaker to surrender the subject matter.

Alvin Fay for appellants; Laird & Packard and J. W. Mahon for respondents.

SEARLS, C.—The appellants constitute the board of supervisors in and for the county of Kern, state of California. Ordinance No. 52, adopted by the board of supervisors of the county of Kern, provides for the issuance of license to sell at retail spirituous, malt or fermented liquors or wines. The ordinance provides the mode of application, time of hearing the application, etc., and then provides as follows: "The board of supervisors shall deny the said application for license, and refuse license to be issued thereunder, if on such hearing it shall appear to the satisfaction of the board, either that applicant for such license is an unfit and not a proper person to have or to hold such license, or that such application is not made in good faith, or that the statements made in such application are untrue, or that there is any other sufficient reason for such refusal, whether shown by protest on file, location of saloon or otherwise." Leet & Lang, copartners, filed their application for a license to retail liquors, etc., on block 231, in the town of Bakersfield, county of Kern, accompanied by the recommendation of a majority of the owners of lots in said block 231, as by the ordinance required. A hearing of the application was had, and testimony pro and con received, whereupon the board finally refused to grant the license. Thereupon applicants procured from the superior court an alternative writ of mandate, which, after answer by the appellants here, and upon a hearing, was on the twenty-second day of October, 1895, made peremptory. A copy of the peremptory writ was served upon the supervisors, and, as is shown by the record, they on the same day, to wit, October 22, 1895, approved the bond filed by applicants, and ordered the license to issue. This appeared on the hearing of the motion for a new trial subsequently made, and may have been the reason for a denial of that motion. Under these circumstances, we recommend that the appeal herein be dismissed, for two reasons:

1. As was said in San Diego School Dist. of San Diego Co. v. Board of Supervisors of San Diego Co., 97 Cal. 438, 32 Pac. 517, which was in all essentials similar to this: "The defendant voluntarily complied with the mandate of the court, and the judgment was thereupon satisfied, and its

force exhausted. After it had thus been satisfied, there was nothing in the judgment which the court had rendered of which the defendant could complain, or about which it could say that it was aggrieved.'' A reversal of the judgment here would not have the effect to annul the license, "nor did the appellants, by compliance with the judgment, lose any property rights of which restitution could be made in case of reversal.''

2. As the license issued October 22, 1895, more than one year since, we may well suppose that it has served its purpose, and that all rights thereunder have ceased to exist: Foster v. Smith, 115 Cal. 611, 47 Pac. 591, dismissing an appeal under similar circumstances, and citing People v. Common Council of Troy, 82 N. Y. 575, and In re Manning, 139 N. Y. 446, 34 N. E. 931; the court quoting from the last-mentioned case as follows: "The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions, such as this case, in its present situation, presents.''

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the appeal herein is dismissed.