Alldredge v. Alldredge, 20 N. M. 471.

[No. 1762, July 8, 1915.]
## ALLDREDGE v. ALLDREDGE et al.
## (STUDLEY et al., Interveners.)

### SYLLABUS BY THE COURT.

Where an appeal involves only the question of the right of a party to release and satisfy a judgment, which judgment has been reversed and vacated by this court upon an appeal therefrom, the court will not consider the abstract question as to the right of the party to release and satisfy such judgment, as a decision of such question would have no effect whatever upon the rights of the parties.

Appeal from District Court, Colfax County; E. C. Abbott, Judge.

Action by Mayme E. Alldredge against Robert E. Alldredge and others, in which Elmer E. Studley and another intervene. Judgment for plaintiff, and defendant Robert E. Alldredge appeals. Dismissed.

Hugo Seaberg of Raton and W. R. Holly of Springer, for appellant.

J. Leahy of Raton, for appellee.

### OPINION OF THE COURT.

ROBERTS, C. J.—This is a companion case to cause No. 1763, between the same parties, decided at the present term of this court, and involves only the right of Mayme E. Alldredge, the plaintiff in the court below, to release and satisfy the judgment entered in the court below, awarding her $1,000 as fees for her counsel, under the stipulation set out in the opinion in cause No. 1763, 151 Pac. 311. After the entry of such judgment, she gave to her husband a formal release and satisfaction of the judgment, which he filed with the clerk of the district court. Messrs. Studley and Spaulding thereupon filed a motion to strike the release from the files, which motion was sustained by the court. From the action of the court this appeal is prosecuted.

Alldredge v. Alldredge, 20 N. M. 472.

In view of our reversal of the judgment entered by the trial court, with directions to strike out the motion upon which it was founded, and our holding in cause No. 1763, the question sought to be raised upon this appeal becomes of no consequence, and our decision thereon would have no effect whatever upon the rights of the parties. Such being the case, we must decline to consider the merits of the controversy. As was said in Mills v. Green, 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293:

> "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

See, also, Kimball v. Kimball, 174 U. S. 158, 19 Sup. Ct. 639, 43 L. Ed. 932; Floyd v. Cochran, 24 Colo. 489, 52 Pac. 676; Horne v. Horne, 72 N. C. 534; Ellison v. Sun Printing & Publishing Ass'n, 41 App. Div. 594, 59 N. Y. Supp. 970; Matter of Strauss, 157 N. Y. 720, 52 N. E. 646; McGill v. Bartman et al. (Ky.), 68 S. W. 1100.

This appeal will therefore be dismissed; and it is so ordered.

HANNA and PARKER, J.J., concur.