[No. 1929.   March 7, 1917.]
STATE ex rel TOWN OF PORTALES v. BOARD OF COM'RS. OF ROOSEVELT COUNTY et al.

### SYLLABUS BY THE COURT.

Where a party has obeyed the commands contained in a writ of mandamus and subsequently appeals, without staying the judgment, this court will dismiss the appeal where its decision cannot grant the parties any effectual relief or have any practical effect in the proceedings.          P. 414

Appeal from District Court, Roosevelt County; Richardson, Judge.

Mandamus by the State of New Mexico, on the relation of the Town of Portales, against the Board of County Commissioners of Roosevelt County and others. Peremptory writ issued, motion for supersedeas denied, and the defendants appeal. Motion to dismiss appeal granted.

GEORGE L. REESE of Portales, for appellee.

Where party obeys commands of writ of mandamus, there is nothing for appellate court to review.
  26 Cyc. 501; State v. Trainer, 137 N. W. 876; State v. Napton, 25 Pac. 1045; Foster v. Smith, 47 Pac. 591; Chamberlain v. McVicar, 76 W. 839; Hubbell v. Dame, 13 N. M. 467; Alldredge v. Alldredge, 20 N. M. 471.

A. W. HOCKENHULL of Clovis and JAMES A. HALL of Portales, for appellant.

### OPINION OF THE COURT.

PARKER, J.   This is an appeal from a judgment of the district court for the County of Roosevelt ordering the issuance of a peremptory writ of mandamus to compel the board of county commissioners of Roosevelt county to certify to the assessor a certain special assessment and to compel the assessor of said county to place the same upon the tax rolls. The judgment was entered on Decem-

ber, 27, 1915, and the peremptory writ was issued and served on respondents, appellants here, on January 1, 1916. Motion for appeal and supersedeas was filed by appellants on January 6, 1916, and thereupon the appeal was granted, but the right to supersede the judgment was denied. Cost bond was filed on January 31, 1916, and transcript filed in this court on April 29, 1916. The appellee has moved to dismiss the appeal on the ground that appellants have fully complied with the mandates of the writ, and that therefore there is no real question before this court for determination. Accompanying the motion to dismiss is attached a certified copy of the proceedings of the board of county commissioners, which shows that on January 4, 1916, two days before the appeal herein was prayed for and granted, the said board made the levy referred to herein, and directed the clerk to certify the same to the county assessor and to spread the assessment upon the assessment rolls. An affidavit also accompanies the motion showing that the assessor completed the spreading of the special assessment on the assessment rolls not later than January 8, 1916. Appellants have filed no brief on this motion nor disputed the truth of the foregoing.

[1] The identical question involved in this case has never heretofore been determined by this court. In Territory ex rel. Hubbel v. Dame, 13 N. M. 467, 85 Pac. 473, the territorial court held that, because it would be impossible for the court to grant the appellants any effectual relief in the case on appeal, because of changed conditions since the rendition of the judgment, the appeal would be dismissed. It held, in effect, that because of changed conditions the propositions advanced by appellant became moot questions, and the court would not consider the same, but would dismiss the appeal. In Alldredge v. Alldredge, 20 N. M. 471, 151 Pac. 314, this court held that the release and satisfaction of judgment after its rendition made it impossible to render any decision in this court which would affect the rights of the parties with respect to such judgment, saying:

"The duty of this court, as every other judicial tribunal, is to decide actual controversies by a judgment which can

be carried into effect, and not to give opinion upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

Where the supervisors of a county levied a tax, in compliance with the order of the court in mandamus proceedings, it was held that the appeal would be dismissed. San Diego School Dist. v. Board of Supervisors, 97 Cal. 438, 32 Pac. 517. In that case the court said:

"After it [the judgment] had thus been satisfied, there was nothing in the judgment which the court had rendered of which the defendant could complain, or about which it could say it was aggrieved. A reversal of the judgment would not of itself set aside the levy of the tax which had been made. * * * * * * "

See, also, Leet v. Board of Supervisors, 47 Pac. 595, where it was held that an appeal would be dismissed where a liquor license was ordered to be issued after judgment in mandamus directing the issuance thereof.

In State ex rel. Begeman v. Napton, 10 Mont. 369, 25 Pac. 1045, appellant obeyed the command of the writ of mandamus, and then appealed. The court said:

"A judgment of any kind from this court would present a peculiar result. An affirmance would be to direct the district court to issue a writ, which that court has already issued, and which has been obeyed. A reversal would be to say to the lower court: 'You may not order the clerk to do that which he has already fully performed.' It is apparent that there is no controversy before us. The case is fictitious. We are of the opinion that it is not a safe precedent to depart from the rule that courts will hear only genuine * * * matters not in litigation."

In Jacksonville School. Dist. v. Crowell, 33 Or. 11, 52 Pac. 693, where appellant obeyed the commands contained in the writ of mandamus and then appealed, the court said that it would not assume jurisdiction of a disputed question of law, unless it involved a substantial controversy between adverse parties.

In Chamberlin v. MacVicar (Iowa), 76 N. W. 839, the court said it would not determine questions depending upon rights which had been settled.

In Stephens v. Querry (Iowa), 97 N. W. 1115 a writ of mandamus had been obeyed, and an appeal then perfected. The court said that:

"If that be true, there would be nothing for us to consider but a moot question, with nothing involved but a question of costs."

See, also, Tabor v. Hipp, 136 Ga. 123, 70 S. E. 886, Ann. Cas. 1912C, 246, and note thereto; State v. Trainor, 91, Neb. 848, 137 N. W. 876; and Betts v. State, 67 Neb. 202, 93 N. W. 167, 2 Ann. Cas. 625.

The general rule announced herein would seem to nullify the right to appeal from a final judgment rendered in such cases; for the respondent must either obey the mandate of the court where no supersedeas is allowed, or become subjected to punishment for contempt of court. In Stephens v. Querry (Iowa), 97 N. W. 1115, cited supra, the court said that the respondent "might have saved himself, perhaps, by procuring a restraining order from this court." In People ex rel. Green v. Board of Education, 11 N. Y. Supp. 296, respondents obeyed the mandate of the writ of mandamus and appealed from the judgment. Supersedeas was requested, but was denied by the court, which facts are identical with those in the case at bar. The court said:

"But we are met with the difficulty that no decision which we can make can have any practical effect in this proceeding. The board has elected a president. If we should hold that the mandamus ought not to have been granted, we could not undo this action. * * * But it is not well for courts to write opinions which can have no practical effect in the case before them. Our business is to decide controversies, not to write essays. The defendant's counsel urges that to dismiss the appeal nullifies the right of appeal. But it should be observed that there may be a mandamus which has been obeyed, where the general term by its reversal can redress the wrong. * * * "

We are therefore constrained to hold that, where a party has obeyed the commands contained in a writ of mandamus and subsequently appeals, without staying the judgment, this court will dismiss the appeal where its

decision cannot grant the parties any effectual relief or have any practical effect in the proceedings.

The motion to dismiss the appeal will therefore be granted; and it is so ordered.

