[No. 3207.   Feb. 6, 1928.]

ROGERS v. GARDE.

[264 Pac. 951.]

O. A. Larrazolo, of Albuquerque, for appellant.

E. R. Wright, of Santa Fe, for appellee.

### OPINION OF THE COURT

WATSON, J.   Appellee and one Fields recovered and owned a judgment against appellant and others.   Fields assigned his interest in the judgment to appellee, who sued to revive it.   Appellant's demurrer was overruled and judgment rendered.   The appeal raises the question of the correctness of the ruling on the demurrer.

Three errors were assigned, but the first two have been expressly abandoned.   The third goes to the overruling of appellant's contention of a defect of parties.   The contention is that the assignment did not authorize appel-

lee to sue in his own name. The argument is reduced to a single point, involving the legal construction of the instrument of assignment. Appellant concedes:

"Undoubtedly the appellee herein construed said instrument to be an absolute and unconditional assignment to him of all the rights, title, and interest that the said E. L. Fields had in the original judgment sued on in this case; if such be the true and legal meaning and import of said written instrument, and appellant concedes that the objection made under this exception No. III is not well taken, and that the judgment herein rendered and appealed from should stand."

The instrument in question, after describing the judgment, contains these material provisions:

"* * * I, the said E. L. Field, * * * have sold, transferred and set over and assigned, and by these presents, do sell, assign, transfer and set over unto Tom Rogers * * * all right, title, and interest of whatsoever kind, that I now have or have ever had in said judgment, and any and all sum or sums of money, or other benefit, or advantage, that may be had or obtained by reason of said judgment."

Then follows a power of attorney to said Rogers, his heirs, executors, administrators, and assigns, "for me and in my name, and in the name and names of my executors, and administrators, but for the sole and proper use and benefit of the said Tom Rogers, his heirs, executors, administrators and assigns, and at their own costs and charges" to demand, recover, and receive all money due, and to discharge the judgment, with power to substitute and revoke. This is followed by a covenant with Rogers, his heirs, executors, administrators, and assigns, that there was due to Fields an undivided one-half interest in the full amount of the judgment and that the latter had not received and would not receive any part thereof.

The whole argument of appellant is based upon the power conferred upon Rogers to proceed to collect in the name of Fields or in the name or names of his executors or administrators. To this we attach no importance in construing the instrument. We cannot doubt that, read as a whole, it is an "absolute and unconditional assignment." No authority is offered to the contrary. The words of transfer and of covenant are clearly controlling. Whether such an assignment passes the legal or only the equitable title we need not consider. Even if only the equitable title

passed, appellee might properly sue in his own name. Barnett v. Wedgewood, 28 N. M. 312, 211 P. 601.

■ Appellee, contending that there was no merit in the appeal, and that it was obviously taken for delay, invokes Laws 1917, c. 43, § 39, and rule XIII of this court, and prays for damages of 10 per cent. of the judgment of the trial court. The statute and rule cited provide as follows:

"Sec. 39. Upon the affirmation of any judgment, or decision the Supreme Court may award to the appellee, or defendant in error, such damages, not exceeding ten per cent. of the judgment complained of, as may be just."

"Rule XIII. Where it shall appear that appeal was taken or writ of error sued out merely for delay and that same has delayed proceedings on judgment of trial court, damages shall be awarded to appellee or defendant in error in sum not in excess of ten per cent. of amount of judgment of trial court."

This appeal and the supersedeas have doubtless delayed proceedings on the judgment. It is not so clear that the appeal was taken merely for delay. We will assume that two of the assignments were without merit, 'since they have been abandoned. One question is presented and argued. While the question is not difficult, and the point is not well taken, it is not necessarily frivolous or urged in bad faith. There seems to have been no unnecessary or unusual delay in prosecuting the appeal.

We have not found many rulings of this court on the subject. In Dold v. Robertson, 3 N. M. 520, 9 P. 302, and in Scholle v. Pino, 9 N. M. 393, 54 P. 335, the respective plaintiffs in error failed to prosecute their writs. The court evidently considered that in such cases damages should be allowed as of course; 5 per cent. in the former and 10 per cent. in the latter. In Assur. Co. v. Bartlett & Tyler, 9 N. M. 554, 58 P. 351, and Traders' Ins. Co. v. Bartlett & Tyler, 9 N. M. 559, 58 P. 1119, counsel did not seriously urge error, and the court said: "This seems to be a proper case in which to award damages." In Shafer v. Second National Bank, 4 N. M. 292, 13 P. 179, there was a failure to perfect the appeal. The court said:

"An examination of the record now before us fails to disclose any defense to the action. We are therefore bound to presume

that the judgment was fully justified by the evidence, and the appeal is without merit, but was taken solely for delay. The statute is intended to discourage vexatious and groundless appeals. We therefore affirm the judgment with 6 per cent. damages."

In Fowler v. Casualty Co., 17 N. M. 188, 124 P. 479, damages were refused. The court said:

"This appeal has been diligently prosecuted under an apparently honest claim of right. The argument that the question had been previously decided was challenged and opinions might honestly differ upon the subject."

It is obvious that this court should not award damages in any doubtful case. It is not the purpose of the statute or of the rule to penalize the act of bringing questions of law to this court, if they are brought in good faith. We think the case at bar comes within the ruling in Fowler v. Casualty Co., last cited, and that the claim for damages should be overruled.

The judgment must be affirmed. The cause will be remanded, with direction to enter the judgment of the trial court against appellant and his supersedeas sureties.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.