492 P.2d 997

Jesus ARCHULETA, Administrator of the
Estate of Raymond B. Romero, Deceased,
et al., Plaintiffs-Appellants,

v.

Allan R. JOHNSTON and Ervin H. Werner,
Defendants-Appellees.

No. 683.

Court of Appeals of New Mexico.

Nov. 5, 1971.

Rehearing Denied Nov. 30, 1971.

Certiorari Denied Dec. 27, 1971.

Arturo G. Ortega, William E. Snead, Tapia & Prelo, Albuquerque, for appellant.

LeRoi Farlow, Daniel C. Lill, Albuquerque, for appellee Johnston.

Clarence R. Bass, K. Gill Shaffer, Shaffer, Butt & Bass, Albuquerque, for appellee Werner.

## OPINION

COWAN, Judge.

The plaintiffs, as personal representatives of three deceased persons, brought their action against the defendants for wrongful death arising out of an automobile accident occurring on U.S. 64, a two-lane highway, 4.2 miles south of Espanola, New Mexico.

The jury returned a verdict for the defendants and plaintiffs appeal. Plaintiffs assert the trial court erred in denying their several motions for a directed verdict and their motion to set aside the verdict and enter judgment on the issue of liability; in instructing on independent intervening cause; in instructing on the care required of the decedents as passengers; and in excluding the testimony of an economist on the question of damages.

We affirm.

## MOTIONS FOR DIRECTED VERDICT AND MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

"In considering a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the party resisting the motion, indulging every reasonable inference in support of the party resisting, ignoring conflicts in evidence unfavorable to him, and if reasonable minds might differ as to the conclusion to be reached, under the evidence or permissible inferences, the question is for the jury." Garcia v. Barber's Super Markets, Inc., 81 N.M. 92, 463 P.2d 516 (Ct.App.1969); Brown v. Hall, 80 N.M. 556, 458 P.2d 808 (Ct.App.1969).

"A judgment notwithstanding the verdict is proper only when it can be said that there is neither evidence nor inference from which the jury could have arrived at its verdict. A judgment notwithstanding the verdict is improper if different inferences may reasonably be drawn from the evidence. . . . An inference is a logical deduction from facts proven." Flanary v. Transport Trucking Stop, 78 N.M. 797, 438 P.2d 637 (Ct.App.1968).

Defendant Johnston was travelling in a northerly direction followed by defendant Werner. Johnston thought Werner was following too closely and alternately slowed down and speeded up, signalling with his hand for defendant Werner to pass. Defendant Werner was uncertain as to whether he should attempt to pass and, shortly before the accident, the two cars were travelling slowly, about a car length or less apart, in the right-hand lane. Jerry E. Gonzales was operating his vehicle in the same direction as the defendants, with plaintiffs' three decedents as passengers. His car, including the brakes, was in good condition. He rounded a curve and had an unobstructed view of the Werner vehicle approximately 1400 feet ahead of him. The maximum stopping distance of a vehicle travelling at 60 miles per hour under road conditions at the time and place of the accident, including driver reaction time, was 246 feet. Gonzales was driving about 60 miles per hour and according to his testimony:

"Well, when I was coming around this turn, I saw this car on the road, which appeared to me like it was moving very slow. I glanced down at the road a little further and noticed another car was coming, so I couldn't pass him. Then, I just stepped on my brake."

The right rear tire of his car left a skid mark of 97 feet, 4 inches, the other tires

somewhat less. The skid marks indicated that the vehicle skidded ahead with a slight curve to the left. The right side of the Gonzales vehicle collided with the left rear of the Werner vehicle and then spun off, crossing the left traffic lane and coming to rest on the left edge of the highway. The three passengers were killed.

Plaintiffs contend that the violations of statutes § 64–18–4 (driving so slow as to impede traffic); § 64–18–49 (stopping on a highway); § 64–18–17(a) (following too closely), N.M.S.A.1953 (Repl.Vol. 9, pt. 2), which were enacted for the benefit of the public, of which decedents were members, constitute negligence as a matter of law. Even if there were violations which would constitute negligence as a matter of law, which we do not decide, there would still be the questions of proximate cause and independent intervening cause. From the foregoing evidence, with its permissible inferences, reasonable minds could differ on these issues. They were proper questions for the jury.

Plaintiffs rely upon Kelly v. Montoya, 81 N.M. 591, 470 P.2d 563 (Ct.App.1970), and Paddock v. Schuelke, 81 N.M. 759, 473 P.2d 373 (Ct.App.1970), in support of their first claim of error. In reversing the action of the trial court in granting a summary judgment, Kelly discussed proximate cause and independent intervening cause, and reaffirmed the law in New Mexico that, if reasonable minds might differ on these issues, they are for the jury. Paddock is distinguishable not only on its facts but because it was concerned with proximate cause only and not with independent intervening cause.

In view of what has been said, the court properly overruled plaintiffs' motions for a directed verdict and motion for judgment notwithstanding the verdict.

## INSTRUCTION ON INDEPEND ENT INTERVENING CAUSE

■ "A party is entitled to an instruction on the theory of his case where there is evidence in support of that theory." Flanary v. Transport Trucking Stop, su-

pra; Lucero v. Torres, 67 N.M. 10, 350 P. 2d 1028 (1960). One of defendants' theories on which the case was tried was that the action of Jerry Gonzales in failing to avoid a collision was an independent intervening cause. There was evidence to support this theory and the instruction given by the court was, therefore, in order. It is not the duty of this court to point out evidentiary matters but we would comment that Jerry Gonzales observed the Werner vehicle approximately 1400 feet ahead of him and yet failed to avoid colliding with it.

## INSTRUCTION ON CARE RE-QUIRED OF PASSENGERS

■ Plaintiffs claim error in the court's giving its instruction 22A–1 because of the second sentence. The instruction read:

"Any negligence which you find on the part of the driver of the vehicle in which plaintiffs' decedents were passengers cannot be charged to the plaintiffs. The care required of the plaintiffs' decedents in this case is that which a reasonably careful person riding as a passenger would use under similar circumstances."

The record does not disclose whether this instruction was requested by the plaintiffs, by the defendants, or voluntarily given by the court. The defendants had pled various affirmative defenses, including contributory negligence and assumption of the risk on the part of plaintiffs' decedents. These defenses were unsupported by evidence at the trial and were, therefore, not submitted to the jury. It thus became necessary, there being evidence of negligence on the part of driver Gonzales, to instruct on imputed negligence. The court did so by giving New Mexico Uniform Jury Instruction 9.15. This was not an instruction on contributory negligence of passengers nor does it inject such an issue in the case. It is simply an integral part of the imputed negligence instruction and inseparable therefrom. See Committee Comment, U.J.I. 9.15, p. 117.

In any event, there was no evidence of negligence on the part of plaintiffs' decedents which could have been considered by the jury. The plaintiffs were therefore not prejudiced. Supreme Court Rule 17(10), applicable to this case, reads:

"The court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect. . . ."

### EXCLUSION OF ECONO-MIST'S TESTIMONY

Plaintiffs claim error in the trial court's refusal to permit an economist to give expert testimony concerning the economic loss occasioned by the deaths. In view of our affirmance and the jury's finding for the defendants on the question of liability, we do not consider this point.

The judgment of the trial court and its order denying plaintiffs' motion to set aside the verdict and enter judgment for plaintiffs, and in the alternative for a new trial, is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.