502 P.2d 1011

Guy MILLER, Plaintiff and
Cross-Appellant,

v.

CONNECTICUT GENERAL LIFE INSUR-
ANCE COMPANY, a foreign corpora-
tion, Defendant and Cross-Appellee.

No. 953.

Court of Appeals of New Mexico.

Oct. 20, 1972.

Tandy L. Hunt, Donald C. Turpen, Tur-
pen, Hunt & Booth, Albuquerque, for
plaintiff and cross-appellant.

Frank H. Allen, Jr., Dale W. Ek, Mod-
rall, Sperling, Roehl, Harris & Sisk, Albu-
querque, for defendant and cross-appellee.

OPINION

COWAN, Judge.

Plaintiff Guy Miller filed suit against
the defendant seeking a judgment declar-
ing valid three life insurance policies is-
sued by defendant to plaintiff but later
cancelled by defendant. The plaintiff
prayed for $10.00 nominal damages because
of the attempted cancellation of the poli-
cies and, in addition, for compensatory and
punitive damages "caused by the defend-
ant's unscrupulous dealings with plaintiff."
During the pendency of the action Guy
Miller died and his wife was substituted as
party plaintiff.

At the plaintiff's suggestion, it was
agreed by the court and opposing counsel
that the case would first be tried on the
question of liability. Then, if the defend-
ant was found liable for compensatory and

punitive damages, the issue of amount of damages would be heard.

At the conclusion of the first part of the trial the court announced that it would award $10.00 nominal damages and hold the three insurance policies to be valid but would deny compensatory and punitive damages.

Defendant initially appealed that part of the judgment declaring the policies to be valid and plaintiff cross-appealed on the damage issue. Prior to perfection, defendant vacated its appeal, but plaintiff retains her position as cross-appellant.

■ She first asserts that the court erred in not allowing her to present evidence upon the issue of compensatory or punitive damages. This point is without merit. The first hearing was, by agreement, limited to the question of liability. The record does not indicate that plaintiff was restricted in presenting any of her evidence on the issue of liability. During the post-trial argument, she made a tender of evidence but this evidence went to the issue of damages rather than to liability. Plaintiff conceded at oral argument that she knows of no evidence on the liability issue other than that already presented at the trial. The court's refusal to find liability disposed of the damage issue. Archuleta v. Johnston, 83 N.M. 380, 492 P.2d 997 (Ct.App.1971).

■ Plaintiff next argues that the court erred in "not allowing the production of evidence on the mental suffering and punitive damages resulting from the tortious breach of a life insurance contract." Again we disagree with her position. Such evidence, going to the issue of damages, would be pertinent only if the court first found defendant liable for compensatory or punitive damages.

■ The plaintiff requested a conclusion that she was entitled to nominal damages in the sum of $10.00, which the court adopted. She also requested findings of fact supporting her position on the liability of the defendant for compensatory and punitive damages, which the court refused. Such refusal constituted findings to the contrary. State ex rel. Thornton v. Hesselden Construction Co., 80 N.M. 121, 452 P.2d 190 (1969).

■ The plaintiff has not attacked the sufficiency of the evidence nor any of the court's findings of fact or conclusions of law. Neither has she put in issue the court's refusal of any of her requested findings or conclusions. The court's findings and conclusions are, therefore, deemed true and controlling. Anderson v. Jenkins Construction Co., 83 N.M. 47, 487 P.2d 1352 (Ct.App.1971).

■ Plaintiff's last contention is that defendant's appeal was frivolous under § 21–2–1(17)(3), N.M.S.A.1953 (Repl. Vol. 4). The rule in this state is that doubts as to the frivolous nature of an appeal will be resolved in favor of the appellant. Roger v. Garde, 33 N.M. 245, 264 P. 951 (1928). In so viewing the record plaintiff's contention is not substantiated by the record.

The judgment is affirmed.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

Novel questions arose on this appeal which should be answered for future consideration.

### A. There was no Appeal From the Final Judgment.

On August 27, 1971, final judgment was entered for the plaintiff that defendant's life insurance policies were, at the time of decedent's death, in full force and effect; that the plaintiff was granted judgment of

$10.00 for defendant's nominal breach of the insurance contracts, and for costs.

On September 27, 1971, plaintiff served notice of cross-appeal "from those portions of the judgment entered herein August 27, 1971, denying Plaintiff compensatory damages over and above nominal damages and punitive damages and the opportunity to prove same." No such denial appears in the final judgment.

At the close of the case, the trial court orally denied compensatory and punitive damages, but an oral ruling is not a final judgment. Bouldin v. Bruce M. Bernard, Inc., 78 N.M. 188, 429 P.2d 647 (1967).

The judgment was not attacked and relief was not sought under Rule 60 [§ 21-1-1(60), N.M.S.A.1953 (Repl. Vol. 4)].

Attention is called to Rule 58 [§ 21-1-1(58), N.M.S.A.1953 (Repl. Vol. 4)] which affects the entry of final judgment in a declaratory judgment claim for relief.

This court does not have jurisdiction because no cross-appeal from the final judgment occurred.

### B. *The Judgment was Satisfied and Released.*

On December 27, 1971, defendant moved for leave to deposit with the court the amount of the judgment, interest and costs. On January 3, 1972, defendant vacated its appeal. The trial court then entered an order allowing payment with the clerk of the district court, and allowed disbursement "upon the filing of record, . . . a Release and Satisfaction of Judgment . . ." This order was approved as to form by the plaintiff.

On January 4, 1972, plaintiff filed of record a Release and Satisfaction of Judgment in which plaintiff acknowledged payment in full and released the judgment of record and released the defendant from the force and effect thereof.

This satisfaction and release of judgment makes it impossible for this court to render any decision which will affect the rights of the parties with respect to the judgment. State ex rel. Portales v. Board of Com'rs of Roosevelt County, 22 N.M. 413, 163 P. 1082 (1917); Alldredge v. Alldredge, 20 N.M. 471, 151 P. 314 (1915).

The appeal should have been dismissed.

### C. *The Bifurcated Trial led to Error.*

A bifurcated or split trial, when requested, means complete separate trials resulting in partial determination of the controversy. State ex rel. La Follette v. Raskin, 34 Wis.2d 607, 150 N.W.2d 318 (1967); Weinstein, Routine Bifurcation of Jury Negligence Trials, 14 Vanderbilt L.Rev. 831.

The right to a bifurcated trial is set forth in Rule 42(b) [§ 21-1-1(42)(b), N. M.S.A.1953 (Repl. Vol. 4)]. This rule permits a separate trial of any separate issue.

The instant case was tried before the court. Plaintiff raised four separate issues in one claim for relief, (1) an order declaring the insurance policies in effect; (2) compensatory damages for claimed negligent and bad faith acts of defendant in "rescinding" the policies of insurance; (3) nominal damages of $10.00 for "attempted rescission"; (4) punitive damages for claimed unscrupulous acts of defendant.

At the trial opening, plaintiff suggested a bifurcated trial in which the trial court would first determine the issue of "liability" and then go into the question of "damages." "Liability is an obligation to pay, and arises only when all essential elements of an action are established." This includes proof of damages. Peroti v. Williams, 258 Md. 663, 267 A.2d 114 (1970).

A discussion of bifurcation before the hearing was ambiguous. The following occurred at the end of the discussion:

THE COURT: Let's see where we are at the end of your proof.

MR. TURPEN: I like that, but we wouldn't put in any evidence of damages in our case at all.

THE COURT: All right sir.

After the end of the proof, plaintiff argued at great length in opening and closing solely on the issue of the declaratory judgment. Additional evidence was then introduced by defendant. Thereafter, the trial court commented at length on the validity of the insurance policies. Plaintiff then announced this was not a suit for that money, but for declaratory relief, declaring the policies in force. There was no mention whatever of the court making a determination of issues of negligence and bad faith for compensatory and punitive damages.

On appeal, plaintiff assumed the court determined for plaintiff the issue of negligence and bad faith in rescinding the insurance policies. Therefore, plaintiff contends he was entitled to offer evidence as to damages. Plaintiff did not raise any question of error arising out of the failure of the trial court to adopt his requested findings.

The trial court orally determined that plaintiff was not entitled to compensatory and punitive damages. This is a determination that defendant was not guilty of negligence and bad faith in rescinding the insurance policies. Plaintiff points to no evidence which constituted negligence and bad faith on the part of the defendant.

I point this out to show how easy it is for a bifurcated trial to lead to error. In a bifurcated trial, "issues" are to be determined, not "liability." The issues should be carefully stated in the beginning of trial. Evidence must be presented on each issue. At the close of the trial, the court should be requested to determine each issue in its findings and judgment. The plaintiff limited himself to the issue of a declaratory judgment. The court made such findings and entered a declaratory judgment for plaintiff.

A bifurcated trial should be requested or ordered only when there are highly persuasive reasons therefor.