558 P.2d 59

**Huey BENNETT, Plaintiff-Appellant,**

v.

**LANE PLUMBING CO., Defendant (Employer), Cross-Appellant,**

and

**General Accident Fire and Life Assurance Corp., Defendant (Employer's Compensation Carrier), Cross-Appellant.**

**No. 2540.**

Court of Appeals of New Mexico.

Dec. 7, 1976.

Anthony F. Avallone, Las Cruces, for appellant.

Don E. Dutton, Las Cruces, for cross-appellants.

## OPINION

HENDLEY, Judge.

Plaintiff and defendants appeal a workmen's compensation award. Plaintiff's appeal concerns the effect of a settlement offer as it relates to attorney fees. Defendants' cross-appeal relates to plaintiff's delay in having surgery.

On October 18, 1974 plaintiff suffered a right inguinal hernia which arose out of and in the course of his employment. Plaintiff continued to work until October 23, 1974. Within the next two weeks plaintiff saw two doctors. Both recommended surgery. Plaintiff informed the defendant-insurance carrier of the recommendation. Plaintiff was told that the insurance carrier would "* * * go to twelve hundred dollars and that was as high as he'd go * * * for the operation. Plaintiff did not accept the qualified offer to pay for the recommended surgery.

Plaintiff was carrying Blue Cross-Blue Shield Insurance at the time of the injury. In February 1975 he received authorization

from Blue Cross-Blue Shield Insurance to have the operation. The operation was performed and on March 25, 1975 plaintiff was released to "* * * return to gainful employment * * *."

More than thirty days prior to trial defendants made the following offer:

" 'Pursuant to the New Mexico Workman's [Workmen's] Compensation statute Section 59–10–23, the Employer and Carrier, 30 days or more prior to trial, offer to compromise and settle the above referenced claim for the sum of $2,420.-48, which sum includes attorney's fees.

" 'Your prompt response to this offer of settlement would certainly be appreciated.' "

The offer was declined.

The trial court found that plaintiff was entitled to receive the following:

| "Dr. Irani | $ 386.88 |
| "Mimbres Memorial Hospital | 383.50 |
| "Compensation (October 23, 1974 through March 24, 1975) Twenty-Two (22) weeks | 1,650.00 |
| | $2,420.38" |

It then concluded that plaintiff was entitled to judgment against defendants in the amount of $2,420.38 and that he was to bear his own attorney's fee.

*Plaintiff's Appeal*

■ Section 59–10–23(D), N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1, 1974) states:

"D. In all cases where compensation to which any person shall be entitled under the provisions of the Workmen's Compensation Act shall be refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount offered in writing by an employer thirty [30] days or more prior to the trial by the court of the cause, then the compensation to be paid the attorney for the claimant shall be fixed by the court trying the same or the Supreme Court

upon appeal in such amount as the court may deem reasonable and proper and when so fixed and allowed by the court shall be paid by the employer in addition to the compensation allowed the claimant under the provisions of the Workmen's Compensation Act; Provided, however, that the trial court in determining and fixing a reasonable fee must take into consideration:

"(1) The sum, if any offered by the employer

"(a) before the workman's attorney was employed; and

"(b) after the attorney's employment but before court proceedings were commenced; and

"(c) in writing thirty [30] days or more prior to the trial by the court of the cause; and

"(2) The present value of the award made in the workman's favor."

Defendants assert that the instant case is no different than any of the other settlement offer cases. See *Rayburn v. Boys Super Market, Inc.,* 74 N.M. 712, 397 P.2d 953 (1964); *Boggs v. D & L Construction Company,* 71 N.M. 502, 379 P.2d 788 (1963); *Hales v. Van Cleave,* 78 N.M. 181, 429 P.2d 379 (Ct.App.1967). They claim that the amount offered was the same as the amount received. We disagree.

Defendants' offer of settlement included attorney fees. The Workmen's Compensation Act speaks of "a reasonable fee." Section 59–10–23, supra. We must conclude that the offer meant reasonable attorney fees.

Even if a suit had not been filed plaintiff's attorney would have been entitled to a maximum of ten percent—$242.05. See § 59–10–23(A), N.M.S.A.1953 (2d. Repl. Vol. 9, pt. 1, 1974). There would then be $2,178.45 payable as compensation. That is an amount less than the offer of settlement. Under the terms of the offer in the instant case plaintiff should have been granted an award of attorney fees consist-

ent with § 59–10–23(D), supra, and *Keyser v. Research Cottrell Company,* 84 N.M. 173, 500 P.2d 997 (Ct.App.1972).

We reverse and remand to the trial court to set a "reasonable fee."

### Defendants' Cross-Appeal

Section 59–10–19.1, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1974) states the employer is to furnish continuing medical and surgical attention as is reasonably necessary which is not to exceed the sum of forty thousand dollars.

Defendants contend that since plaintiff did not accept their offer of surgery the trial court erred in awarding compensation from November 15, 1974 through February 11, 1975. Defendants' argument is two-fold. First, that plaintiff should have made a claim on his Blue Cross-Blue Shield in October or November, 1974 and second, plaintiff was offered surgery by the insurance carrier.

In answer to defendants' first argument we hold that plaintiff is not required to utilize his own private insurance to pay for an injury which arose out of and in the course of his employment. The statute states that the employer *shall* furnish medical and surgical attention as is reasonably necessary. Defendants cannot shift the burden when by law they are the responsible parties. Defendants were in effect denying plaintiff medical and surgical attention.

In answer to defendants' second argument we hold that defendants cannot give a qualified authorization. Plaintiff would then be put in the untenable position of gambling on whether the operation and hospitalization would cost more. Should it cost more we can easily perceive the argument that plaintiff had settled his medical expenses for a specified amount and should be held to his bargain. We will not permit the claimant to be put in a position of gambling when medical science cannot predict with a hundred percent accuracy. We hold that by placing a limitation on the amount required for the operation defendants effectively denied plaintiff his statutory right of being furnished reasonably necessary medical and surgical attention. Our holding is to have no broader application than the factual posture of this case.

Oral argument is unnecessary. The cause is remanded to the trial court for a determination of attorney fees. Plaintiff is awarded $1,500.00 as attorney fees on appeal.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.