715 P.2d 462

**Rosa BAGWELL, Plaintiff-Appellee,**

v.

**SHADY GROVE TRUCK STOP, Employer, and Commercial Union Assurance Companies, Insurer, Defendants-Appellants.**

No. 8245.

Court of Appeals of New Mexico.

Feb. 11, 1986.

William F. Webber, Edward E. Triviz, P.A., Las Cruces, for defendants-appellants.

Glenn B. Neumeyer, Las Cruces, for plaintiff-appellee.

## OPINION

MINZNER, Judge.

Defendants Shady Grove Truck Stop and Commercial Union Assurance Companies appeal the award of temporary, total worker's compensation benefits to plaintiff. We affirm.

## BACKGROUND

Plaintiff returned to the work force nine years ago in order to support herself and her three children. She has an eighth-grade education and no formal job training. She first obtained work as a cook; later she was employed by Shady Grove Truck Stop as a waitress.

In a work-related accident at the truck stop on January 23, 1980, she hurt her back and strained her left arm. She reported the accident, and she consulted a chiropractor, Dr. Graham. Commercial Union Assurance Companies paid her benefits for a brief period, until she returned to work.

It is undisputed that plaintiff subsequently fell again in a work-related accident. To break the fall, she grabbed a shelf, and she further injured her left arm. Again, she reported the accident and consulted Dr. Graham. She continued working, but she was assigned lighter work.

On July 4, she stopped working, due to continued and increasing pain. The insurer began paying weekly compensation and continued to do so until August 1981. The insurer also paid plaintiff's medical expenses. The parties stipulated that plaintiff received compensation for sixty-two weeks and three days.

In July 1981, plaintiff was sent to a neurosurgeon for evaluation. He ordered a myelogram, which was negative, and he then released plaintiff for work. The insurer terminated plaintiff's weekly benefits in 1981, but paid medical benefits until July 1982.

In January 1982, plaintiff retained Mr. Neumeyer to bring suit for further compensation benefits. In recounting her accident, she told him that the second fall occurred in March or April 1980; she had made the same statement to a number of the physicians who treated her after July 1980. Plaintiff filed suit for benefits in January 1982. Her complaint alleged an accident in March 1981, as a result of which plaintiff became totally disabled. Defendants answered the complaint, noting that if an accident occurred in March 1981, plaintiff had not notified them, although they had had notice of accidents on January 23, 1980 and June 2, 1980.

Defendants deposed plaintiff in April 1982. During that deposition, defendants' counsel questioned plaintiff about the date of the second accident. It is undisputed that defendants' counsel showed her the employer's accident report and pointed out that it indicated a June 2, 1980, accident rather than one in March or April. Plaintiff indicated that x-rays were taken after the second accident and that Dr. Graham took those records in April 1980. The record contains evidence, however, that Dr. Graham took x-rays of plaintiff's injuries in June 1980.

During that deposition, plaintiff ultimately stated that she did not remember the date she had the later accident. The deposition contains evidence that her memory for other details was poor.

On the morning of trial, in September 1984, defendants moved to dismiss. The motion anticipated plaintiff's motion to amend her complaint, made orally the same day. The trial court took both motions under advisement. After finding for plaintiff, the trial court entered a conclusion of law that stated plaintiff's motion should be granted. The court's findings and conclusions were incorporated by reference into the final judgment.

Defendants have raised five issues on appeal. Stated generally, these issues are as follows:

1. Whether the trial court ruled improperly on plaintiff's motion to amend and on defendants' motion to dismiss.

2. Whether the finding of total disability is supported by substantial evidence.

3. Whether defendants were denied their due process right to a fair and impartial trial.

4. Whether the court's findings on attorney's fees are sufficiently specific and supported by the evidence.

5. Whether the final judgment is void for vagueness.

While this case was pending on appeal, plaintiff moved this court to award damages. Plaintiff's motion contends that the appeal in this cause was "frivolous, not in good faith, and merely for purposes of delay." *See* NMSA 1978, § 39–3–27. The motion has been held in abeyance, pending submission to a panel.

**THE AMENDMENT OF PLAINTIFF'S COMPLAINT**

Defendants contend the trial court erred in permitting plaintiff to amend her complaint to allege two accidental injuries, rather than one, and to state dates other than March 1981. Defendants' argument has two parts.

■ First, defendants contend that the trial court failed to accomplish its purpose. No order was entered, permitting the amendment, and the judgment did not recite that the motion had been granted, although the findings and conclusions were incorporated by reference. These circumstances, however, did not prevent a proper amendment.

The trial court was authorized to amend the pleadings to cause them to conform to the evidence, at any time, even after judgment. *See* NMSA 1978, Civ.P.R. 15(b) (Repl.Pamp.1980). Failure to enter an order does not affect the result where trial of the complaint as amended occurred. *Id. See also Irwin v. Lamar*, 74 N.M. 811, 399 P.2d 400 (1964). The trial court proceeded properly by adopting appropriate findings of fact and conclusions of law. *See State v. Fireman's Fund Indemnity Co.*, 67 N.M. 360, 355 P.2d 291 (1960).

■ Defendants also contend that the trial court erred in permitting the amendment, because the claim asserted in the amended complaint was barred by the statute of limitations. Defendants argue on appeal that the complaint, as amended at trial in 1984, asserted a claim more than one year after the employer refused to pay compensation. *See* NMSA 1978, § 52–1–31(A).

Plaintiff has contended on appeal that the amended complaint relates back to the original date of the complaint. *See* Civ. P.R. 15(c). We agree.

Under Civ.P. Rule 15, the trial court may permit a party to amend his pleading when, in the discretion of the trial court, amendment seems appropriate on the facts. *See* Civ.P.R. 15(a); *Constructors, Ltd. v. Garcia*, 86 N.M. 117, 520 P.2d 273 (1974). A trial court's decision to permit an amendment will not be disturbed unless there has been an abuse of discretion. *Constructors, Ltd. v. Garcia*. In this case, we hold the trial court properly exercised its discretion in permitting the amendment.

Under Civ.P.Rule 15(c), the amendment relates back whenever the revised claim "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading...." There is evidence in the record from which the trial court could have concluded that the original complaint contained a typographical error, that plaintiff was confused about the date of the second fall, and that the occurrence plaintiff described to her counsel, and on which he based the complaint, was the fall that led to the June 1980 x-rays. Under these circumstances, there was evidence from which the trial court could have found that plaintiff intended to describe in her original complaint an injury in the spring of 1980 that exacerbated an injury received in a prior fall. As a result, the trial court was entitled to conclude that the single fall stated in the original complaint was the later injury stated in the amended complaint. Consequently, the amended complaint stated a claim that was essentially the same as that set forth in the original complaint. For this reason, the claim asserted in the amended complaint related back under Civ.P.Rule 15(c).

## THE FINDING OF TOTAL DISABILITY

■ Defendants also contend that the finding of total disability is not supported by substantial evidence. This argument has several parts.

First, defendants claim that because the complaint was not effectively amended, plaintiff failed to prove the injury originally alleged. Because we have held that the complaint was amended, we need not address this aspect of defendants' argument.

Second, defendants contend that plaintiff failed to establish either a disabling injury on June 2, 1980, or the requisite causal connection between that injury and the total disability found by the trial court. *See* NMSA 1978, § 52-1-28. Defendants vigorously assert that plaintiff's own version of the facts proved an injury in March or April of 1980, that the various physicians she consulted based their opinions on the estimated date she gave them, and that there was evidence that plaintiff's condition pre-existed any of the accidents proved at trial.

The question on appeal is not whether there is evidence to support an alternative result but, rather, whether the trial court's result is supported by substantial evidence. *Cardenas v. United Nuclear Homestake Partners*, 97 N.M. 46, 636 P.2d 317 (Ct. App.1981). The appellate court, in reviewing the trial court decision, disregards all evidence and all inferences unfavorable to the trial court's result. *Moorhead v. Gray Ranch Co.*, 90 N.M. 220, 561 P.2d 493 (Ct.App.1977). In view of this standard of review, it is clear that the result below is supported by substantial evidence.

There was evidence, other than plaintiff's testimony, of a second work accident. According to this evidence, the second work accident occurred on June 2, 1980. Plaintiff's employers verified the accident report of that date and their own time records, which reflect plaintiff's absence from work following the fall. The other evidence reflecting a June 2nd injury was Dr. Graham's records and x-rays taken the day after the fall.

Dr. Arthur Bieganowski, a neurologist and psychiatrist, who operates a pain clinic in El Paso, Texas, and who was plaintiff's treating physician at the time of trial, testified as to causation. Dr. Bieganowski diagnosed plaintiff as suffering from pyriformis muscle damage and myofascial syndromes. He said these injuries were totally disabling and were without "doubt or question" caused by the work accidents. *See* § 52-1-28(B).

Dr. Reymundo Molina, Ph.D., an expert vocational witness who tested plaintiff, testified as to the extent of her disability. He testified that, based on a wide range of testing, plaintiff was totally disabled, even for sedentary labor. Plaintiff's deposition contains evidence that she experienced disabling pain in trying to accomplish routine household tasks. *See Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct. App.1977).

## DEFENDANTS' RIGHT TO DUE PROCESS

■ Defendants also contend they were denied due process, as a result of various orders entered prior to a hearing. Defendants specifically contend that the trial court erred in considering plaintiff's memorandum in support of her motion to amend, because it contained improper argumentation to which defendants had an inadequate opportunity to respond.

With respect to defendants' specific contention, we hold they have not demonstrated any error. Defendants filed a lengthy motion to strike plaintiff's memorandum, and the trial court entered its decision only after that motion was filed. Due process does not include the right to oral argument on trial motions. *United Nuclear Corp. v. Genereal Atomic Co.*, 93 N.M. 105, 597 P.2d 290 (1979), *cert. denied*, 444 U.S. 911, 100 S.Ct. 222, 62 L.Ed.2d 145 (1979). In addition, defendants were permitted to argue their motion to strike at the hearing on their motion for a new trial. Under these circumstances, defendants' specific contention has no merit.

With respect to defendants' general contention, the requirements of due process

are not technical. *United Nuclear Corp. v. General Atomic Co.* No particular procedure is critical; rather, the integrity and fairness of the process are the principal concerns of the reviewing court. *See id.* The record contains no evidence that defendants were denied a reasonable and fair opportunity to be heard on each issue raised at trial, or that the trial court refused to consider any of their arguments or evidence. For these reasons, the record does not support defendants' claim.

## ATTORNEY'S FEES AT TRIAL

Appellate review of this issue is precluded by defendants' failure to present evidence or to submit requested findings of fact or conclusions of law with respect to the award of attorney's fees. *Bufalino v. Safeway Stores, Inc.*, 98 N.M. 560, 650 P.2d 844 (Ct.App.1982); *Tafoya v. S & S Plumbing Co.*, 97 N.M. 249, 638 P.2d 1094 (Ct.App.1981).

## THE FINAL JUDGMENT

■ Defendants object on appeal to the provision in the final judgment that requires them to pay all future medical costs for the "reasonable and necessary treatment of the injuries sustained, as required by law." They contend that because "all parties agree that there is a psychological component to Rosa Bagwell's condition," the trial court's failure to specify "what kind of treatment is 'reasonable and necessary' " is reversible error. We disagree.

The Workmen's Compensation Act does not contemplate the ability of trial courts to determine in advance a claimant's future medical needs. Indeed, the Act makes no provision for the prospective adjudication of medical benefits. In *Bennett v. Lane Plumbing Co.*, 89 N.M. 790, 558 P.2d 59 (Ct.App.1976), this court rejected an insurer's attempt to place a limitation on the medical benefits required to be paid under NMSA 1978, Section 52–1–49 (medical benefits). The court reasoned that the attempted restriction effectively denied plaintiff his statutory right to reasonably necessary medical attention. Similarly, here, defendants' attempt to qualify plaintiff's future medical treatment could operate to restrict

her statutory right. In the final analysis, defendants are adequately protected by the statutory requirement that the medical treatment for which compensation is sought be shown to have been reasonably necessary, *see Cardenas v. United Nuclear Homestake Partners*, and by the provision for the court's continuing jurisdiction over a compensation award, *see Clauss v. Electronic City*, 93 N.M. 75, 596 P.2d 518 (Ct.App.1979).

## THE MOTION FOR DAMAGES

■ Plaintiff has asked for damages on the ground the appeal is frivolous and designed to harass and delay. Plaintiff's motion states that the frivolous nature of the appeal is obvious from the record below and from defendants' brief-in-chief.

Section 39–3–27 provides that, "[u]pon the affirmation of any judgment or decision, the supreme court or court of appeals may award to the appellee or defendant in error damages not exceeding ten percent of the judgment complained of, as may be deemed just by the court." Under the rules governing appellate procedure for criminal cases, damages are normally awarded only if the appeal is determined to be frivolous, not in good faith, or brought merely for purposes of delay. *See* NMSA 1978, Civ.App.R. 20(f) (Supp.1985). We assume, but need not decide, that the same rule governs this appeal. *See* NMSA 1978, § 52–1–39(C); NMSA 1978, Crim., Child. Ct., Dom.Rel. & W/C App.R. 303.1 (Repl. Pamp.1983).

New Mexico appellate courts have been very reluctant to impose this statutory penalty. *See Rogers v. Garde*, 33 N.M. 245, 264 P. 951 (1928). The only recent case awarding damages is *Anderson v. Jenkins Construction Co.*, 83 N.M. 47, 487 P.2d 1352 (Ct.App.1971). In that case, this court concluded an appeal was frivolous when it took more than sixty days after this court's receipt of the transcript for the appellant to file its brief-in-chief, appellant did not challenge the trial court's findings and conclusions, although appellant had stipulated to be bound by an expert's findings in the trial court, on appeal he made unreasonable

deviations from those findings and, finally, appellant did not deny that the appeal was brought in order to delay a final determination in the case.

While finding the appeal to be frivolous, *Anderson,* nevertheless, followed New Mexico precedent in requiring that, although an appeal may lack merit or be brought as a delay tactic, it must also be apparent that the appeal was not taken in good faith. *See In re Adoption of Bradfield,* 97 N.M. 611, 642 P.2d 214 (Ct.App. 1982) (appeal was not so frivolous or patently taken in bad faith that it warrants imposition of sanctions); *Durrett v. Petritsis,* 82 N.M. 1, 474 P.2d 487 (1970); *Prager v. Prager,* 80 N.M. 773, 461 P.2d 906 (1969) (although appeal lacked merit, it could not be said to have been brought merely for delay); *Holman v. Oriental Refinery,* 75 N.M. 52, 400 P.2d 471 (1965) (although appeal lacked merit, it does not follow that it was not taken in good faith). Most of these cases also articulate another well-established rule: that any doubts as to the frivolity of an appeal will be resolved in the appellants' favor. *Miller v. Connecticut General Life Insurance Co.,* 84 N.M. 321, 502 P.2d 1011 (Ct.App.1972).

In this case, there has been no delay by the parties on appeal. Appellants have countered appellee's arguments in their reply brief. As we understand the contentions on appeal, defendants perceive both procedural errors and a lack of substantial evidence. The record indicates that the error in the original complaint, the delay in amending it, and the confusion in the testimony as to dates at trial, gave rise to an argument that plaintiff had pleaded one theory and proved another.

We have held that plaintiff effectively amended her complaint, and that the amendment related back. In doing so, however, it was necessary to review the record for sufficient evidence that the amended claim and the original claim were essentially the same.

Plaintiff's motion for damages apparently is premised on the view that the only issue on appeal was sufficiency of the evidence, and that, under those circumstances, defendants should not have appealed. *See Perez v. International Minerals & Chemical Corp.,* 95 N.M. 628, 624 P.2d 1025 (Ct.App.1981). Appellants' arguments, however, included other claims, and the appeal apparently was premised on a different perspective of what happened at trial. On the record before us, we are not able to say that defendants' perspective was so unreasonable as to suggest an appeal taken for purposes of delay or in bad faith. Resolving all doubts in favor of appellants, we hold that plaintiff is not entitled to the penalty she seeks.

## CONCLUSION

We hold that appellants have not demonstrated any errors in the trial, and we affirm the judgment of the trial court. For the reasons stated, we deny appellee's motion for damages. Plaintiff is awarded $2,000 in attorney's fees on appeal.

IT IS SO ORDERED.

ALARID, and GARCIA, JJ., concur.