This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ALLEN BUTTKE,**

     Plaintiff-Appellant,

v.                                 **NO. 29,776**

**BROWN FAMILY, INC., d/b/a**
**Subway Store #26812,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**William F. Lang, District Judge**

Houston Ross
Albuquerque, NM

for Appellant

Riley & Shane, P.A.
Mark J. Riley
Kristin J. Dalton
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Plaintiff appeals a jury verdict in favor of Defendant. In our third calendar notice we proposed to affirm. Both parties have timely responded. We have considered their arguments and affirm.

In our third notice, we assumed that Plaintiff agreed with our proposed affirmance of Issue 1 as he did not respond to our proposal. *See Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993) (pointing out that a failure to respond to the Court's proposed disposition creates a presumption that the party agrees with the proposal). Plaintiff does not assert otherwise. Therefore, we affirm for the reasons stated in our second notice of proposed disposition. With regard to Issues 2 and 3, Plaintiff conceded that the issues were not properly preserved for review. Therefore, we do not reach them.

With regard to Issue 4, we proposed to affirm on the basis that the error was harmless. In so doing, we pointed out that Plaintiff sought to present evidence of negligence per se in order to establish liability on the part of Defendant. This evidence was in addition to other evidence of negligence. Since the jury found negligence, we proposed to conclude that the exclusion of evidence of negligence per se was harmless. *Cf. Britton v. Boulden*, 87 N.M. 474, 475-76, 535 P.2d 1325, 1326-27 (1975); *Lovato v. Crawford & Co.*, 2003-NMCA-088, ¶ 28, 134 N.M. 108, 73 P.3d 246.

Plaintiff's attempt to distinguish *Britton* and *Lovato* is unavailing. We recognize that neither of these cases is directly on point. Nevertheless, they express the rule for harmless error in civil cases and point out that error is harmless if the jury's decision would not be changed even if the error had not occurred. In *Britton*, error was asserted in the jury instruction on damages. However, because the jury found no liability on Defendant's part, it never got to issues on damages. Thus, any error in instructions on damages was harmless. Similarly, in *Lovato*, there was no error in excluding a claim where the jury found against the plaintiff on the same factual description. The same analysis applies here. Plaintiff alleged negligence and the jury found Defendant negligent. We fail to see how the jury's verdict on a finding of negligence would be changed with a different method of proof.

Contrary to Plaintiff's argument, we do not see how a jury could view the case any differently if it had had evidence of a violation of the building code. The violation of the code addresses only duty and breach of the duty. With the evidence that it had, the jury found a duty and breach of the duty. Violation of the building code does not address proximate cause. *Archibeque v. Homrich*, 88 N.M. 527, 532, 543 P.2d 820, 825 (1975); *Archuleta v. Johnston*, 83 N.M. 380, 382, 492 P.2d 997, 999 (Ct. App. 1971) (negligence per se does not answer fact question of proximate causation); UJI 13-1503 NMRA (stating that "negligence resulting from a violation

3

of [statute] is no different in effect from that resulting from other acts or omissions constituting negligence"; causation must still be shown).  Where the jury found that Defendant's negligence was not the cause of Plaintiff's injuries, we cannot say that the error in excluding different evidence establishing negligence requires a new trial. We conclude that Plaintiff was not prejudiced by the district court's exclusion of evidence of violation of the building code.

For the reasons stated in the several notices of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**MICHAEL E. VIGIL, Judge**