494 P.2d 983

Gregorio VALDEZ, Plaintiff-Appellant,

v.

GLOVER PACKING COMPANY and John Doe Workmen's Compensation Insurance Company, Defendants-Appellees.

No. 773

Court of Appeals of New Mexico.

Feb. 25, 1972.

Albert J. Rivera, Alamogordo, for plaintiff-appellant.

John P. Cusack, Frazier, Cusack & Schnedar, Roswell, for defendants-appellees.

OPINION

COWAN, Judge.

Plaintiff appeals from an adverse judgment in a workmen's compensation case.

We affirm.

The trial court found that the injury to plaintiff was the result of personal animosity between the plaintiff and one Robert Brown; that it was not reasonably incident to plaintiff's employment; and that it did not arise out of his employment. Plaintiff's points relied upon for reversal raise the

question of sufficiency of the evidence to support the findings.

We view the evidence in the light most favorable to support the findings, disregarding all evidence unfavorable thereto. Lopez v. Schultz & Lindsay Construction Company, 79 N.M. 485, 444 P.2d 996 (Ct. App.1968).

The plaintiff and Robert Brown were employed by Glover Packing Company in Roswell, working on the kill floor. Just prior to the incident in which plaintiff was injured, he had twice squirted Brown with hot water from a cleaning hose. Brown then started toward the plaintiff, who picked up a meat hook. Brown had some tools in his hands, including a butcher knife. As they came together, a foreman moved in and shoved them 10 to 15 feet apart. The plaintiff "started hollering" and threw the meat hook at Brown, hitting him on the side of the head. Brown, either voluntarily or by reflex action, then threw his tools at the plaintiff. Plaintiff's left arm was cut, resulting in a total loss of use of the arm at the elbow.

The evidence was conflicting and it was for the trial court to determine the credibility of the witnesses and the weight to be given their testimony. Lopez v. Schultz & Lindsay Construction Company, supra. The court resolved the conflict by its findings and such findings were supported by the evidence. Since the injury to plaintiff did not arise out of his employment, it was not compensable. Perez v. Fred Harvey, Inc., 54 N.M. 339, 224 P.2d 524 (1950).

Plaintiff contends that the injury necessarily arose out of the employment, arguing that the question as to who might be the aggressor has no place in workmen's compensation law. *Perez*, supra, answers this contention, pointing out that it is a question of fact whether the injury results from "purely personal motives" or "arises out of the employee's work." The trial court's finding was that the injury in this case was the result of personal animosity. There being substantial evidence to support

this finding, no discussion is required as to which of the two men may have been the aggressor.

Plaintiff also contends that his injury cannot be considered to have been "wilfully suffered" under § 59–10–8, N.M.S.A.1953 (Repl.Vol. 9, pt. 1). This was never an issue in the case.

The judgment is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.