642 P.2d 188
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Arcenio "Archie" MARTINEZ,
Defendant-Appellant.**

**No. 5498.**

Court of Appeals of New Mexico.

Jan. 5, 1982.

Rehearing Denied Jan. 18, 1982.

Writ of Certiorari Quashed
March 18, 1982.

John B. Bigelow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant appealed his conviction of aggravated battery with a deadly weapon. Section 30–3–5(C), N.M.S.A.1978. We proposed summary affirmance of the two issues listed in the docketing statement. Defendant has not opposed summary affirmance of the first issue concerning the sufficiency of the evidence to sustain the conviction. Thus, the first issue was abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112, 90 A.L.R.3d 1119 (Ct.App.1976). Defendant opposes summary affirmance of the second issue which involves the prosecutor's comments to the grand jury that indicted defendant. We discuss this second issue.

On January 28, 1981, defendant was called as a witness before the grand jury. Before defendant testified, Mr. Vargas, the prosecutor, made the following remarks:

MR. VARGAS: You may step up there, Mr. Martinez. This situation presents a unique situation. In the Grand Jury process one of the first things that the District Attorney does is send out a letter, which is called a "target letter," which informs the person here that he is a target of a certain investigation.

In this case we sent him a target letter, stating that the Grand Jury will commence hearing testimony relating to aggravated battery, allegedly to have been committed by him against Robert Trammell. The letter, which is written pursuant to the law that we have to follow, tells him that he has the right to come and testify before the Grand Jury. Today he is exercising that right. He is not here under the subpoena of the Grand Jury, because the Grand Jury cannot subpoena somebody who is a target of the investigation unless technical requirements are met. But those do not exist in this case.

The Grand Jury Statutes also permit the target to bring his lawyer and he has exercised that right too. This lady sitting to my right here is M. Christina Armijo. She is a local attorney and she is representing Mr. Martinez' legal interests. You will not hear her say one word because the law does not permit her to speak to you people or ask any questions. Her role here will be to keep some kind of contact with her client and advise him on how to answer questions or which questions he should not answer, because anything he says in here can be used against him. So in the course of this man's testi-

mony, he will be saying certain things. If the things he says are in answer to any questions, he has the right not to answer unless after he has consulted with his attorney. And they will do so quietly, outside of the hearing of the Grand Jury.

I know this is something new to you, but this is precisely what the law permits and I assure you that is the truth. Some questions that I may ask Mr. Martinez, he may choose not to answer. That is his right under the Constitution of the United States and the Constitution and the Statutes of the State of New Mexico. When he is asked a question and he chooses not to answer it, you people must not arrive at any conclusions because he is exercising his right to remain silent. The right to remain silent is a very sacred right in our system of law and nobody can jump to any conclusions about that, not in the legal sense. So when he chooses not to speak you must not conclude anything from that. Nor must you conclude anything from when he chooses or elects his right to consult with his attorney.

Now, I will consult briefly and silently with Miss Armijo to make sure that I have not left out any important matter concerning the testimony of Mr. Martinez before he bigins [sic] to testify.

Q. Mr. Martinez, I will be asking you a few questions and then you will also be given the opportunity to give your own version of the story. And then you will be left open to questions from members of the Grand Jury. If I ask any question, go ahead and make some kind of eye contact with your attorney, and if you decide that you have to consult with your attorney on how you should phrase your question, we will allow you to go into that little room and consult in private.

The prosecutor then questioned the defendant, as did some of the grand jurors. At the conclusion of defendant's testimony, the following exchange took place:

MR. VARGAS: We have no further questions, sir, unless you have anything additional to add. In all fairness to you, Mr. Martinez, why don't you take a min-ute or so or a few seconds with your attorney to see if there is anything that you should add to your statement so far.

MS. ARMIJO: That will be it. Thank you.

MR. VARGAS: I will call my next witness.

The indictment was filed January 29, 1981. Defendant moved to quash the indictment on June 1, 1981, two days before trial. We do not consider whether the motion was timely. The motion to quash alleged gross prosecutorial misconduct and relied on Mr. Vargas' comments to the grand jury. The district court file does not include a ruling on the motion; defendant asserts the motion was denied; we proceed on the assumption that the motion was denied.

Defendant argues:

(a) "[T]he issue here is that comments concerning the advice of counsel and Mr. Martinez's Fifth Amendment privilege were made at length in the presence of the grand jury."

(b) "[A] target witness' choice to confer with counsel should remain uninfluenced by prosecutorial conduct; further, because of the extreme sensitivity of a target witness' position and need for counsel, exercise of this right should not be emphasized as it was here."

(c) "[T]he prosecutor's conduct poses the question of whether a penalty is imposed for exercise of his constitutional right against self-incrimination."

(d) "[T]here is no probative value to the prosecutor's comment. * * *."

(e) "[T]he repeated comments about consultation with counsel reflect upon Mr. Martinez's credibility. Clearly, any comment upon this factor is especially critical at the stage where no determination as to charges has yet been made."

Defendant claims, generally, that the prosecutor's comments deprived him of due process and claims specifically that the comments violated § 31–6–7, N.M.S.A.1978 (1981 Cum.Supp.). That section requires

the prosecutor to "conduct himself in a fair and impartial manner at all times when assisting the grand jury." Defendant asserts that he was prejudiced by the "effect" of the prosecutor's remarks; alternatively, he contends that consideration of "whether a defendant has been harmed, is not an appropriate standard to be applied when prosecutorial comment upon a target witness' constitutional rights arises in the context of a grand jury proceedings."

■ Although the prosecutor's comments could have been briefer, they were not improper. The prosecutor is directed by § 31–6–7, supra, to attend and to assist the grand jury. The comments explained grand jury procedures concerning a target witness and the witness's attorney. See §§ 31–6–4(C), 31–6–11(B) and 31–6–12(B), N.M.S.A.1978 (1981 Cum.Supp.). The comment also explained the privilege against self-incrimination; this comment was consistent with U.J.I.Crim. 40.31. The comments disclosed that these items were "new" to the particular grand jury and, to that extent, were probative because the comments explained the "new" items. Defendant has not demonstrated any prejudice by the comments. Inasmuch as "prejudice" is an appropriate standard in considering the exercise of constitutional rights before a trial jury which determines guilt, *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App. 1978), there is no reason to apply a stricter standard in considering the exercise of constitutional rights before a grand jury which determines probable cause to accuse. Section 31–6–10, N.M.S.A.1978 (1981 Cum. Supp.).

The comments did not deprive defendant of due process of law and did not violate § 31–6–7, supra.

The judgment and deferred sentence, with probation, are affirmed.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.