824 P.2d 358

**Sheya BADER–RONDEAU, Claimant–Appellant,**

v.

**TRUTH OR CONSEQUENCES MUNICIPAL SCHOOLS, self-insured, Respondent–Appellee.**

**No. 13343.**

Court of Appeals of New Mexico.

Dec. 27, 1991.

Jerald A. Valentine, Las Cruces, for claimant-appellant.

David L. Skinner, Beall, Pelton, O'Brien & Brown, Albuquerque, for respondent-appellee.

## OPINION

DONNELLY, Judge.

This case requires that we consider the question of whether anonymous bomb threats made by a co-employee to Worker's employer, and which demanded that Worker be fired or the school would be bombed, provides a legal basis for Worker to recover for alleged psychological injury under the Workers' Compensation Act.

Worker appeals from an order of the workers' compensation judge (WCJ) dismissing her claim for workers' compensation benefits. Our second calendar notice proposed summary affirmance and Worker has responded with a memorandum in opposition. For the reasons stated herein and in our calendar notices, we affirm.

Our second calendar notice proposed to hold that Worker's injury was outside the scope of NMSA 1978, Section 52-1-24(B) (Repl.Pamp.1987), because the motivation for the bomb threats resulted from the personal animosity of a co-employee against Worker for reasons which were not occasioned by Worker's employment. *See Gutierrez v. Artesia Pub. Schools*, 92 N.M. 112, 583 P.2d 476 (Ct.App.1978) (where the employee's death or resulting injury was caused by the willful assault of a third

person intending to injure him because of personal reasons unconnected with the employee's employment, the injury did not arise out of the employment, and the resulting death or injury was not compensable under the Workers' Compensation Act). *See also Valdez v. Glover Packing Co.*, 83 N.M. 570, 494 P.2d 983 (Ct.App.1972) (trial court's finding that the worker's injury was the result of personal animosity, and thus was not reasonably incident to his employment, held supported by substantial evidence). Although Worker in the instant case challenged the finding of the WCJ that the bomb threats were the result of personal animosity directed toward her because of events which occurred outside the scope of her employment, she does not press argument on this matter in her second memorandum in opposition. *See State v. Martinez*, 97 N.M. 585, 642 P.2d 188 (Ct.App.1982) (party may abandon an issue by failing to argue it in the memorandum in opposition). Moreover, the finding of the WCJ as to this issue was supported by substantial evidence on the record as a whole. *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 (Ct.App.1988).

Worker's main argument seeks to distinguish the decision in *Gutierrez* from the instant case on two grounds. First, Worker argues that the setting of her employment, an elementary school, increased the risk of the assault. We disagree. Even if we were to conclude that bomb threats constituted a risk incident to her position as a teacher's aide, which we decline to do, Worker is not entitled to compensation because the "positional-risk" doctrine she urges us to adopt only applies where the assault is not motivated by personal animosity toward an individual worker. *See* 1 Arthur Larson, *The Law of Workmen's Compensation* § 10.00 (1990).

Worker's second attempt to distinguish this case from *Gutierrez* is also related to her argument concerning the doctrine of "positional risk." She contends that her injuries are compensable because the assault "would not have taken place" if she had not been employed at the school.

This "but-for" theory has been adopted in a limited number of jurisdictions, *see* Arthur Larson, *supra*, § 11.16(c); however, we need not reach the issue of whether New Mexico should recognize a "but-for" theory in cases involving assaults against employees, because we determine that such a doctrine would not apply in any event in the instant case because the incident leading to her psychological condition arose out of and was rooted in personal animosity by a co-employee toward Worker involving matters unrelated to her employment. *Id.* at 3–271. When the origin of the assault arises because of private or personal reasons, and the worker's employment has not engendered or exacerbated the quarrel or facilitated the assault, Larson notes that "the assault should be held noncompensable even in states fully accepting the positional-risk test, since that test applies only when the risk is 'neutral.'" Arthur Larson, *supra*, § 11.21(c) (footnote omitted).

■ Worker contends that her psychological condition is compensable because the co-employee's threats were directed at Worker's employment. Thus, she reasons that the mechanism causing injury here was the employment itself, and her injury was therefore caused by a risk incident to her employment. We believe an analogous argument could have been made in *Valdez*, where the worker was injured in a fight with a co-worker when the co-worker threw several tools at him, including a butcher knife. *Valdez*, however, shows that it is not the mechanism of injury or its relationship to the employment that is dispositive; rather, it is the motivation behind the altercation or assault. Here, there was sufficient evidence upon which the WCJ could have found that the motivation leading to Worker's injury was personal and not job related. This accords with the general rule that even where the employer supplies a weapon for use in carrying out the work of the employer and the weapon is used by a co-worker to injure an employee in the course of an otherwise intentional and personal assault, the mere fact of furnishing such weapon does not provide a sufficient causal link to require a finding that the injury arose out of the employment. *See* Arthur Larson, *supra*, § 11.23(e).

We therefore affirm the denial of workers' compensation benefits for the reasons stated herein and in our second calendar notice.

IT IS SO ORDERED.

MINZNER and PICKARD, JJ., concur.