879 P.2d 796

**Maria SALINAS–KENDRICK,**
**Claimant–Appellee,**

v.

**MARIO ESPARZA LAW OFFICE, Employer, and The Travelers Insurance Company, Insurer, Respondents–Appellees,**

v.

**MOUNTAIN STATES MUTUAL CASUALTY CO., Respondent–Appellant.**

No. 15293.

Court of Appeals of New Mexico.

June 15, 1994.

Gary Jeffreys, Jeffreys, Cooper & Associates, Deming, for respondent-appellant.

Bonnie M. Stepleton, Stepleton & Aakhus, P.C., Albuquerque, for respondents-appellees.

Anna L. Juarez, Las Cruces, for claimant-appellee.

*OPINION*

DONNELLY, Judge.

Mountain States Mutual Casualty Company (Mountain States) appeals an order from the Workers' Compensation Administration requiring it to pay disability benefits to Worker. Our second calendar notice proposed to affirm the order. Mountain States has timely opposed that proposal. Not persuaded by its arguments, we affirm.

Claimant suffered an accident while at work on September 5, 1990. Thereafter, she experienced pain in her hands and arms while typing. Her typing work station was modified and she continued to work. Although she testified she worked with some pain and that she took more breaks during her typing than she had before September 1990, she continued to do all her work. Employer's workers' compensation carrier at the time was The Travelers Insurance Company. In February 1991, Mountain States became the insurance carrier for Employer.

Throughout 1991, Claimant continued to perform the required duties of her job. She did not seek help from anyone and completed all her job tasks. Finally, on December 31, 1991, Claimant could not stand the pain in her arms and hands any longer and sought medical treatment. Her treating physician gave her medication and limited her typing to four hours per day. Although Claimant suffered an accident in September 1990, she did not become disabled from that accident until December 1991.

The Workers' Compensation Judge (Judge) determined, and we agree, that, where there is evidence that Claimant's continued work-related activities have contributed to her disability, the insurance company insuring Employer at the time of the disability is responsible for payment of the disability benefits. Mountain States argues that under this Court's decision in *Garcia v. Mora Painting & Decorating,* 112 N.M. 596, 817 P.2d 1238 (Ct.App.1991), the date of the accident rather than the date of the disability is the determinative date establishing liability. We do not agree. *Garcia* was a case where the worker suffered two accidental injuries while he was employed by two successive and different employers. There, this Court considered, inter alia, that the workers' compensation judge had the authority to apportion liability for disability benefits between the worker's previous and subsequent employers.

Although *Garcia* is factually distinguishable from the present case, *Garcia* makes clear that disability arising from an accident is the event that triggers the obli-

gation for payment. Compensation is paid only when a work-related accidental injury becomes disabling. *See id.,* 112 N.M. at 599–600, 817 P.2d at 1241–42; *see also Strickland v. Coca–Cola Bottling Co.,* 107 N.M. 500, 502, 760 P.2d 793, 795 (Ct.App.), *cert. denied,* 107 N.M. 413, 759 P.2d 200 (1988); *Pena v. New Mexico Highway Dep't, Mountain States Mut. Ins. Co.,* 100 N.M. 408, 412, 671 P.2d 656, 660 (Ct.App.1983). *See generally* 4 Arthur Larson, *The Law of Workmen's Compensation* § 95.00 at 17–115 (1993) ("When a disability develops gradually, or when it comes as the result of a succession of accidents, the insurance carrier covering the risk at the time of the most recent injury or exposure bearing a causal relation to the disability is usually liable for the entire compensation."). Therefore, we conclude that the Judge correctly determined that the date of Claimant's disability, not the date of her September 1990 accident, was the determinative date for deciding which insurance company is liable herein.

Mountain States also argued that the Judge erred in not finding that the accident occurred on September 5, 1990. The date of an accident that does not result in disability, as we have pointed out above, is irrelevant. In this case, the date that the injury became compensable due to further work-related causes is the determinative factor.

▄▄ Finally, Mountain States argues that there was not substantial evidence to support the Judge's finding that Claimant did not know she had a compensable injury until December 31, 1991. As we pointed out in the second calendar notice, although there was evidence that would have supported finding disability on an earlier date, there was sufficient evidence to support a finding of December 31, 1991, as the date Claimant knew she was disabled. It is undisputed that in December 1991 Claimant saw Dr. David A. Capen, an orthopedic surgeon, who stated that Claimant had been injured in 1990, and that her carpal tunnel syndrome was a cumulative trauma disorder that comes on insidiously. From September 1990 until she first saw Dr. Capen at the end of December 1991, Claimant continued to work in pain but missed no work. Thus, the issue is not whether there is evidence to support an opposite result, but whether evidence supports the result reached. *See Bagwell v. Shady Grove Truck Stop,* 104 N.M. 14, 17, 715 P.2d 462, 465 (Ct.App.1986). We hold that the evidence here supports a finding that Claimant did not become disabled until December 1991.

▄▄ To the extent that Mountain States claims that there was insufficient testimony of causation, we hold that the reasonable inferences from Dr. Capen's testimony are that Claimant's injury was caused by the cumulative trauma of work up until the time of December 1991. The doctor did not need to give his causation testimony in positive, dogmatic language or use the exact language of the statute; it is sufficient that his testimony reasonably connotes what the statute requires, and we hold that it does. *See Gammon v. Ebasco Corp.,* 74 N.M. 789, 794, 399 P.2d 279, 282 (1965); *see also Bufalino v. Safeway Stores, Inc.,* 98 N.M. 560, 565, 650 P.2d 844, 849 (Ct.App.1982).

Mountain States' issue regarding attorney fees was deemed abandoned in our second calendar notice. *See State v. Martinez,* 97 N.M. 585, 586, 642 P.2d 188, 189 (Ct.App.) (if party does not oppose summary affirmance of issue, issue is deemed abandoned), *cert. quashed,* 98 N.M. 51, 644 P.2d 1040 (1982). For the reasons stated herein, we affirm.

IT IS SO ORDERED.

MINZNER, C.J., and PICKARD, J., concur.