# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARTIN CHAVIRA,**

   **Worker-Appellee,**

v.                                                      **NO. 29,364**

**PIRTLE FARMS and NEW MEXICO**
**MUTUAL CASUALTY COMPANY,**

   **Employer/Insurer-Cross-Appellee,**

**and**

**JAMES HAMILTON CONSTRUCTION**
**COMPANY and MOUNTAIN STATES**
**MUTUAL CASUALTY COMPANY,**

   **Employer/Insurer-Appellant.**

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory Griego, Workers' Compensation Judge**

Chavez Law Firm
Gonzalo Chavez
Roswell, NM

for Appellee Chavira

Hale & Dixon, P.C.
Timothy S. Hale
Albuquerque, NM

for Appellee Pirtle Farms and New Mexico Mutual Casualty Company

Robert Bruce Collins
Holly R. Harvey
Julie A. Koschtial
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

James Hamilton Construction Company and Mountain States Mutual Casualty Company ("Hamilton/MSMCC"), appeal from a worker's compensation order requiring Hamilton/MSMCC to pay Worker benefits and offsetting the amount to be paid by Worker's subsequent employer, Pirtle Farms and New Mexico Mutual Casualty Company ("Pirtle/NMMCC"). This Court issued a calendar notice proposing to reverse. Pirtle/NMMCC has filed a memorandum in opposition, which we have duly considered. Because we are unpersuaded, we reverse.

In this Court's notice, we proposed to reverse on the following grounds: (1) that the workers' compensation judge (WCJ) erred by allowing Worker's action against Hamilton/MSMCC pursuant to NMSA 1978, Section 52-1-56 (1989) where no previous compensation order existed; (2) that the WCJ erred by determining that Hamilton/MSMCC was liable for Worker's disability benefits where Worker was not disabled until he had left Hamilton's employment and was employed by Pirtle; and

(3) that the WCJ erred in determining that Pirtle/NMMCC was entitled to an offset of its obligation.

In this Court's notice, we proposed to rely on *Henington v. Technical-Vocational Institute*, 2002-NMCA-025, 131 N.M. 655, 41 P.3d 923, to conclude that where there was no determination of disability, no impairment rating, and no further obligation to pay, there was, as a result, no compensation order that Worker could then try and modify. *Id.* ¶¶ 15-17 (holding that where the parties had "agreed to the payment of benefits at a specific amount, for a specific time, based on a specific disability and a specific percentage loss of use or impairment rating," entry of an actual compensation order was a mere technicality and Section 52-1-56 still applied). We noted that, here, it did not appear that there was any agreement that Hamilton/MSMCC pay a weekly compensation amount or a lump-sum payment, and that Hamilton/MSMCC only provided medical benefits. To the extent Pirtle/NMMCC states that "Worker received both indemnity and medical benefits for this work injury," [MIO 2] Pirtle/NMMCC has not indicated what indemnity benefits it is referring to, who was responsible for paying them, or when they were received. Instead, Pirtle/NMMCC only indicates that Worker *sought* disability benefits from Hamilton/MSMCC. Pirtle/NMMCC does not indicate that Worker ever received disability benefits prior to the WCJ's January 21, 2009, compensation award currently

being appealed, and there is nothing in the record that reflects that Hamilton/MSMCC was ordered to or agreed to pay Worker disability benefits prior to January 21, 2009. Thus, Pirtle/NMMCC has not satisfied its obligation to clearly point out an error in fact on the summary calendar. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). To the extent Pirtle/NMMCC asserts that Worker sought disability benefits from Hamilton/MSMCC and both parties agreed to a recommended resolution [MIO 6], there is no indication that Worker received or was granted disability benefits, only authorization for a medical procedure. Although Pirtle/NMMCC attempts to create an issue of Hamilton/MSMCC's payment of medical benefits, we conclude that, here, where there was no agreement to pay future benefits, only medical benefits as they accrued, and there was no determination of disability or impairment rating, there was not a compensation order in place for Worker to modify. *See Henington*, 2002-NMCA-025, ¶¶ 15-17; *see also Brooks v. Hobbs Mun. Schs.*, 101 N.M. 707, 709-10, 688 P.2d 25, 27-28 (Ct. App. 1984) (holding that Section 52-1-56 did not apply where there had never been a prior judgment awarding future compensation or any determination of disability). To the extent the WCJ relied on Section 52-1-56 as a mechanism to address Worker's claims

4

against Hamilton/MSMCC, we reverse.

In this Court's notice, we also relied on our Supreme Court's decision in *Tom Growney Equipment Co. v. Jouett*, 2005-NMSC-015, 137 N.M. 497, 113 P.3d 320, and proposed to conclude that the WCJ erred in determining that Worker suffered an injury to the whole person as a combined result of the 1999 and 2003 accidents, where the 1999 accident did not result in disability. [CN 7] We pointed out that "[d]isability arising from an accident is the event that triggers the obligation," and "[w]hen a disability develops gradually, or when it comes as the result of a succession of accidents, the insurance carrier covering the risk at the time of the most recent injury or exposure bearing a causal relation to the disability is usually liable for the entire compensation." *Id.* ¶ 24. Pirtle/NMMCC had not challenged our reliance on *Jouett.* Thus, here, where the WCJ determined that both the 1999 accident and 2003 accident bore a causal connection to Worker's disability [RP 00:411][1], and Pirtle/NMMCC has not challenged the WCJ's determination with respect to the 2003 accident, we conclude that Pirtle/NMMCC, and not Hamilton/MSMCC, should be initially liable for the entire compensation award.

---

[1]This appeal involves two worker's compensation complaints that were consolidated below. There are two sets of record proper. All citations to the record proper include a two digit number that represents the year of the complaint and the corresponding record proper.

To the extent Pirtle/NMMCC urges that there was sufficient evidence to support the WCJ's determination that there was a causal connection between the 1999 injury Worker sustained when he was employed by Hamilton and Worker's current disability [MIO 6], the existence of such a connection does not render the holding of *Jouett* inapplicable. In *Jouett*, our Supreme Court rejected this Court's analysis in which we distinguished *Salinas-Kendrick v. Mario Esparza Law Office*, 118 N.M. 164, 879 P.2d 796 (Ct. App. 1994), on the basis that in *Salinas-Kendrick*, unlike in *Jouett*, there was no evidence that the initial accident was causally connected to the subsequent disability. 2005-NMSC-015, ¶ 17; *see also Salinas-Kendrick*, 118 N.M. at 165, 879 P.2d at 797 (holding that, where the initial accident occurred over a year before disability, the insurer who covered the employee at the time she became disabled, rather than the insurer who covered the employee when she was initially accidentally injured, is liable for medical and compensation benefits). Based on our Supreme Court's rejection of that analysis in *Jouett,* we conclude that, here, evidence of a causal connection between Worker's 1999 accident while employed with Hamilton and his subsequent disability does not change that, under *Jouett*, Pirtle/NMMCC is liable for the entire compensation award.

To the extent that Pirtle/NMMCC points out that Worker had ten jobs between quitting work at Hamilton and beginning with Pirtle, we note that, in *Jouett,* the

worker had been employed by different employers in between Growney (his employer at the time of the initial accident) and Big Dog (his employer at the time of the disability). However, Jouett's multiple employers between his injury and disability did not alter our Supreme Court's decision that Big Dog was liable, since the disability occurred when the worker was employed by Big Dog. *See Jouett*, 2005-NMSC-015, ¶ 29. Moreover, to the extent that Pirtle/NMMCC points out that Worker continued to experience pain and receive medical treatment between 1999 and 2003, continued pain, alone, does not establish disability or render the first employer liable. *See Jouett*, 2005-NMSC-015, ¶¶ 3-7, 21-25 (acknowledging that the worker experienced pain in his shoulder between his initial injury and when he became disabled, but still determining that the subsequent employer was liable for the full compensation award).

To the extent that Pirtle/NMMCC contends that Worker's zero percent impairment rating is irrelevant [MIO 6], *Jouett* indicates otherwise. Pirtle/NMMCC has not demonstrated to this Court that our analysis is erroneous, and has not cited to this Court any authority or made any argument that would compel us to not rely on our Supreme Court's decision in *Jouett* as we proposed. *See Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, we reverse the WCJ's determination that Hamilton/MSMCC was liable for Worker's compensation award.

Finally, we proposed to conclude that the WCJ erred by permitting

Pirtle/NMMCC to offset its liability pursuant to NMSA 1978, Section 52-1-47(D) (1991). We noted that, according to *Jouett*, Section 52-1-47(D) only permits a subsequent employer/insurer to an offset if "the worker received benefits for the initial injury and subsequently suffers a work-related injury to the same member or function and benefits for the subsequent injury would duplicate benefits paid or payable for the initial injury." *Jouett*, 2005-NMSC-015, ¶ 45. Pirtle/NMMCC has not challenged this argument in its memorandum in opposition. We therefore conclude that, where liability for disability benefits lies with Pirtle/NMMCC and Hamilton/MSMCC has never previously paid disability benefits, Pirtle/NMMCC was not entitled to offset its payment of disability benefits to Worker pursuant to Section 52-1-47. To the extent the WCJ permitted such an offset, we reverse.

For the reasons stated above and in this Court's notice of proposed disposition, we reverse the compensation award and remand for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

8

_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**CELIA FOY CASTILLO, Judge**

9