This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 32,565**

**FERNANDO SILVA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}     Defendant appeals his conviction for driving while under the influence (DWI, 2nd offense).  We issued a notice of proposed summary disposition, proposing to uphold the conviction.  Defendant has filed a memorandum in opposition.  After due

consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

{2}     In his docketing statement Defendant raised a single issue, contending that the district court "erred in considering testimony as to whether noncompliance with SLD procedures affected the validity of the breathalyzer result instead of determining whether SLD procedures were, in fact, followed." [DS 3] In our notice of proposed summary disposition we observed that Defendant's issue appeared to concern the admissibility of expert testimony presented by the State, to the effect that the presence of the subject's own blood in his mouth would have no impact on the accuracy of the breathalyzer test results. [CN 2-3] Because we found no indication that Defendant objected to this testimony below, we posited that the issue had not been preserved. [CN 3] We further noted that the evidence in question appeared to have been properly admitted, insofar as it shed light on both the proper interpretation of SLD regulations and on the ultimate admissibility of Defendant's BAT results. [CN 4] Defendant does not respond to our analysis relative to the foregoing evidentiary challenge. As a result, the issue is deemed abandoned. *See State v. Martinez*, 97 N.M. 585, 586, 642 P.2d 188, 189 (Ct. App. 1982) (observing that an issue is deemed abandoned if a party fails to respond to the calendar notice's proposed summary disposition of the issue).

**{3}** In his memorandum in opposition Defendant now argues that the district court erred in admitting his breath-alcohol test results. [MIO 10-19] Because this argument was not set forth in the docketing statement, we interpret the memorandum in opposition as a motion to amend the docketing statement. Such a motion will only be granted if the issue sought to be raised is viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct.App. 1989). For the reasons that follow, we deny the motion.

**{4}** Defendant contends that Regulation 7.33.2.12(B)(1) NMAC (4/30/2010), which requires the administrator to "ascertain[] that the subject has not had anything to eat, drink or smoke for at least [twenty] minutes prior to collection of the first breath sample" was not satisfied in this case, in light of evidence that some quantity of Defendant's own blood entered his mouth. [MIO 10-19]

**{5}** Prior to the admission of breath-alcohol test results, the district court must find by a preponderance of the evidence that all accuracy-ensuring regulations have been satisfied. *State v. Willie*, 2009-NMSC-037, ¶ 12, 146 N.M. 481, 212 P.3d 369; *State v. Martinez*, 2007- NMSC-025, ¶ 21, 141 N.M. 713, 160 P.3d 894. To the extent that Defendant invites the Court to apply a different standard of review, [MIO 11] we decline. *See generally State v. Wilson*, 116 N.M. 793, 796, 867 P.2d 1175, 1178 (1994) (holding that the Court of Appeals is bound by Supreme Court precedent).

3

{6} Below, the State presented the testimony of the officer who arrested Defendant and who administered the BAT. He indicated that he complied with the 20-minute deprivation period, insofar as Defendant did not ingest any foreign substances. [RP 140-42] He also testified that he did not see any blood in Defendant's mouth, and the machine did not register any foreign substances or produce any error code. [RP 141-42] The State also presented expert testimony indicating that the presence of the test subject's own blood within the mouth or stomach would not compromise the accuracy of the test results. [RP 146] We conclude that this is sufficient to support, by a preponderance of the evidence, the district court's determination that the regulation had been satisfied. [RP 148] *See generally Willie*, 2009-NMSC-037, ¶ 13 (observing that the purpose of the regulation in question is to ensure accurate results, and interpreting the regulation in a manner which allows for case-by-case development, consistent with the regulation's "obvious spirit or reason" (internal quotation marks omitted)).

{7} Defendant attempts to dispute the testimony of the State's expert, based on an article published in a scientific journal. [MIO 13-15] However, we find no indication that this was presented below. [MIO 13-15; RP 138-48] As a result, we will not consider it on appeal. *See generally In re N.M. Indirect Purchasers Microsoft Corp. Antitrust Litig.*, 2007-NMCA-007, ¶ 24, 140 N.M. 879, 149 P.3d 976 ("An appellate

court does not review a district court decision on the basis of facts that . . . were not before the court below when it made its ruling."); *State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review.").

{8}     Defendant also attacks that district court's statement that it would have found that Defendant did not have any blood in his mouth, if such a finding was necessary. [MIO 17-19; RP 148]  However, the district court's determination appears to be supported by the testimony of the test administrator, to the effect that he observed no blood in Defendant's mouth or on the mouthpiece, [RP 141] as well as expert testimony that the "printout" associated with Defendant's BAT contained nothing to indicate either that there was blood in the system or that there was mouth alcohol present. [RP 145] We therefore reject Defendant's argument.

{9}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{10}     **IT IS SO ORDERED.**

---

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

---

**RODERICK T. KENNEDY, Chief Judge**

5

_____

**LINDA M. VANZI, Judge**