This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     **No. A-1-CA-37264**

**ROBERT PIPKIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant appeals from his convictions for CSPM and CSCM. We previously issued a notice of proposed summary disposition in which we proposed to affirm.

Defendant has filed a joint memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion and affirm.

{2}     We will begin our discussion with the issues originally raised in the docketing statement. Although Defendant does not renew his challenge to the sufficiency of the evidence, he does continue to argue that his convictions violate double jeopardy. [MIO 3] We will limit the scope of discussion accordingly. *See, e.g., State v. Martinez*, 1982-NMCA-002, ¶ 1, 97 N.M. 585, 642 P.2d 188.

{3}     As previously described in the notice of proposed summary disposition, in this case the charge of CSCM was based on Defendant's touching of S.B.'s breasts, while the charge of CSPM was based on Defendant's subsequent insertion of a finger into S.B.'s vulva or vagina. [RP 237, 240] We regard this conduct as non-unitary, both because the specific acts are clearly distinct in quality, and because the crime of CSCM was completed before the crime of CSPM began. *See, e.g., State v. Sena*, 2018-NMCA-037, ¶¶ 37, 48, 56, 419 P.3d 1240 (reflecting that conduct underlying a conviction for CSC, entailing touching of the victim's breasts, was distinct from conduct underlying a conviction for CSP, entailing digital vaginal penetration, and ultimately upholding both convictions), *cert. granted*, ___-NMSC-____ (No. S-1-SC-36932, May 25, 2018); *see also State v. DeGraff*, 2006-NMSC-011, ¶ 27, 139 N.M.

211, 131 P.3d 61 ("In our consideration of whether conduct is unitary, we have looked for an identifiable point at which one of the charged crimes had been completed and the other not yet committed."); *State v. Contreras*, 2007-NMCA-045, ¶ 21, 141 N.M. 434, 156 P.3d 725 ("[W]e will not find that a defendant's conduct is unitary where the defendant completes one of the charged crimes before committing the other."). To the extent that the conduct is non-unitary, there is no double jeopardy violation. *State v. Silvas*, 2015-NMSC-006, ¶ 9, 343 P.3d 616.

**{4}** Furthermore, even if the conduct could be regarded as unitary, we nevertheless remain of the opinion that Defendant's convictions for CSCM and CSPM are consistent with legislative intent. In this regard, we note that the offenses contain different elements, and stand independently in relation to one another. *See State v. Swick*, 2012-NMSC-018, ¶ 13, 279 P.3d 747 ("If each statute requires proof of a fact that the other does not, it may be inferred that the Legislature intended to authorize separate punishments under each statute."). We have also previously recognized that the statutes prohibiting sex crimes against children list five separate protected areas, including the genital area and breast, and we have held that "the legislative intent was to protect the victim from intrusions to each enumerated part." *State v. Haskins*, 2008-NMCA-086, ¶ 24, 144 N.M. 287, 186 P.3d 916 (internal quotation marks and

3

citation omitted); *see State v. Williams*, 1986-NMCA-122, ¶ 9, 105 N.M. 214, 730 P.2d 1196. Thus, under the facts of this case, which showed first a touching of one protected area and subsequently a penetration of a different protected area, we conclude that Defendant was properly convicted and separately sentenced for both CSCM and CSPM. *See, e.g., Sena*, 2018-NMCA-037, ¶¶ 37, 48, 56; *Haskins*, 2008-NMCA-086, ¶¶ 18, 24; *Williams*, 1986-NMCA-122, ¶¶ 7-9 (all upholding multiple convictions based upon touching of the victim's breast and genital area).

{5} Defendant's memorandum in opposition does not address the foregoing authorities. Instead, he relies on a case involving multiple counts of CSCM, based upon touchings that occurred within a short period of time in the course of a massage. [MIO 11-12] We do not find this to be persuasive or to require a different result. In summary therefore, we conclude that the convictions do not violate double jeopardy.

{6} We turn next to the issue that Defendant seeks to raise by his motion to amend, concerning the withdrawal of his attorney prior to trial. [MIO 4-9] The record reflects that this occurred upon his attorney's motion, which he filed after Defendant's unexplained failure to appear at his scheduled jury trial. [RP 142-48] A hearing was conducted on that motion, and Defendant registered no opposition. [RP 158-60] Shortly thereafter the district court granted the attorney's motion, substitution of

4

counsel occurred, and the rescheduled trial was repeatedly continued to accommodate defense preparation. [RP 161, 165, 167, 176, 183]

{7} Defendant contends that the withdrawal of his attorney was procured by the prosecution, and this effectively denied him his Sixth Amendment right to counsel of choice. [MIO 4-9] To succeed on his argument, Defendant must establish a sufficient causal link between the State's actions and the withdrawal of Defendant's attorney. *See State v. Gamlen*, 2009-NMCA-073, ¶ 10, 213 P.3d 818 (explaining). However, the record before us reflects that counsel sought to withdraw due to Defendant's failure to uphold his obligations to counsel, when he failed to appear at the originally-schedule jury trial. [RP 148] To the extent that Defendant's own conduct motivated his attorney to withdraw, we perceive no merit to Defendant's argument.

{8} Although Defendant does not acknowledge the role that his own conduct played in his attorney's withdrawal, he does argue that the prosecutor's announced intention to pursue a separate criminal action against Defendant based upon his failure to appear created a conflict of interest for his attorney, insofar as his attorney would be a likely witness in that separate action. [MIO 4-9] We will assume, for the present purposes, that this situation could supply the requisite causal link between State action and the

5

attorney's withdrawal. *See id.* Nevertheless, we conclude that Defendant has failed to demonstrate that the prosecutor's behavior had "a demonstrable impact on [his attorney's] ability to represent [the d]efendant or upon the outcome of the case." *Id.* ¶ 13. In this regard we note that although the prospect of a subpoena may have been distasteful, we fail to see how it created an irreconcilable conflict. Neither Rule 16-108(B) NMRA, nor Rule 16-109(C)(1) NMRA (prohibiting lawyers from using information relating to representation to the disadvantage of a client unless the client gives informed consent, except as permitted or required by the rules), both of which Defendant invokes, [MIO 6] nor any other authority of which we are aware, would have precluded the attorney from continuing the representation. And in any event, if Defendant wished the attorney to continue the representation, he was at liberty to waive the perceived conflict. *State v. Barnett*, 1998-NMCA-105, ¶ 26, 125 N.M. 739, 965 P.2d 323.

{9}     Under the circumstances presented in this case, and in light of the foregoing considerations, we conclude that the evidence is insufficient to establish a Sixth Amendment violation. *See, e.g., Gamlen*, 2009-NMCA-073, ¶¶ 6-16 (rejecting a Sixth Amendment claim of deprivation of the right to counsel of choice, where an attorney withdrew following hostile and combative interaction with the State, where the

defendant did not object to the withdrawal, and the facts of the case did not indicate that the State's behavior had, or would have had, a demonstrable impact on the attorney's ability to represent the defendant or upon the outcome of the case). We therefore deny the motion to amend, on grounds that the issue is not viable. *See, e.g., State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (indicating that a motion to amend will be denied if the putative issue is not viable).

{10}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{11}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**JENNIFER L. ATTREP, Judge**