This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38949**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**EMERY GENE BRADLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Gribble & Crowley, P.C.
Joseph J. Gribble
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appealed following his convictions for DWI (thirteenth offense) and resisting, evading, or obstructing an officer. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background has previously been set forth, and Defendant does not take issue with our summary. [MIO 2] We will therefore avoid undue reiteration here,

and instead focus on the specific contentions advanced in the memorandum in opposition.

**{3}** Defendant continues to assert that insofar as the district attorney represented him in connection with a separate DWI conviction roughly thirteen years earlier, the entire district attorney's office should have been disqualified. [MIO 4]. We disagree. As we previously observed, [CN 2-4] Defendant failed to demonstrate that the prior matter and the underlying proceedings were "substantially related," as required. *See State v. Pennington*, 1993-NMCA 037, ¶ 18, 115 N.M. 372, 851 P.2d 494 (explaining that "the defendant has the burden to establish that a member of the district attorney's staff is disqualified from participation in the prosecution . . . by proving . . . that the staff member had previously worked for the defendant on the same [or a substantially related] matter" (citations omitted)). Although Defendant focuses on the fact that this is the "same type of case," [MIO 3] that is not the sort of "substantial relationship" that is required in this context. Instead, it was incumbent upon Defendant to demonstrate "a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Rule 16-109A NMRA, comm. cmt. 3. Insofar as Defendant failed to make that threshold showing, disqualification would have been improper. *See Pennington*, 1993-NMCA 037, ¶ 18 (explaining that if the defendant does not meet this burden, "the district court cannot disqualify anyone in the district attorney's office").

**{4}** Defendant further hypothesizes that the district attorney might have harbored some animosity toward him. [CN 3] Although "[b]ias is a ground upon which a prosecutor may be disqualified . . . [t]here must be a basis in fact for a determination such bias exists." *State v. Gonzales*, 2005-NMSC-025, ¶ 39, 138 N.M. 271, 119 P.3d 151 (citations omitted). In this case, Defendant's unsubstantiated suggestion of personal bias is simply too speculative to satisfy this standard.

**{5}** Finally, Defendant suggests that the circumstances give rise to an "appearance of impropriety." [CN 3-4] Again, however, such a vague assertion is simply insufficient to require disqualification. *See id.* ¶ 34 (explaining that although avoiding any appearance of impropriety is an aspiration, the invocation of this principle is insufficient to require disqualification in and of itself; rather, our jurisprudence requires "a showing of particular circumstances that justif[y] an inference of a disqualifying interest"). We therefore reject the assertion of error.

**{6}** Defendant does not renew the other issues originally advanced in the docketing statement. We therefore adhere to our initial assessment of these matters. *See generally State v. Martinez*, 1982-NMCA-002, ¶ 1, 97 N.M. 585, 642 P.2d 188 (indicating that issues which are listed in the docketing statement but not renewed in the memorandum in opposition are deemed abandoned).

**{7}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{8}** IT IS SO ORDERED.

J. MILES HANISEE, Chief Judge

WE CONCUR:

JACQUELINE R. MEDINA, Judge

BRIANA H. ZAMORA, Judge